**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM** |
| **ATRIUS DEVELOPMENT GROUP CORPORATION, INC.,**<br>Plaintiff,<br>v.<br>**ABC IP, LLC, RARE BREED TRIGGERS, INC., and LAWRENCE DEMONICO**<br>Defendants. | Civil Action Nos.<br>4:26-cv-00448-ALM |
| **ABC IP, LLC and RARE BREED TRIGGERS, INC.,**<br>Counterclaim-Plaintiffs,<br>v.<br>**ATRIUS DEVELOPMENT GROUP CORPORATION, INC., MALCOLM BROWN, GRANT SHAW, and RYAN SPADAFORE,**<br>Counterclaim-Defendants. | |

**ATRIUS DEVELOPMENT GROUP CORPORATION, INC.'S ANSWER TO COUNTERCLAIM-PLAINTIFFS' COUNTERCLAIMS**

Counterclaim-Defendant Atrius Development Group Corporation, Inc. ("Atrius") hereby answers Counterclaim-Plaintiffs ABC IP, LLC, and Rare Breed Triggers, Inc.'s Counterclaims for Patent Infringement and asserts its affirmative defenses as set forth below. Atrius denies that it has infringed any valid, enforceable claim of U.S. Patent Nos. 12,038,247, 12,031,784, 12,578,159, and 12,636,403, and denies that Counterclaim-Plaintiffs are entitled to any relief. Atrius uses the same headings used in the Counterclaims for convenience only and denies all allegations inherent or implied by those headings. Atrius denies all allegations in the Counterclaims that are not expressly admitted below. Any factual allegations admitted below are admitted only as to the

specific admitted facts and not as to any purported conclusions, characterizations, or implications that might follow from the admitted facts.

**PARTIES**

1. Atrius is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

2. Atrius is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

3. Atrius admits that Atrius Development Group Corporation, Inc. is a Texas corporation and that it has an address at 200 Congress Ave., Unit 31W, Austin, Texas 78701. Atrius denies any remaining allegations in Paragraph 3.

4. Paragraph 4 is directed principally to Counterclaim-Defendant Malcolm Brown, who does not join this Answer and is responding separately. Atrius admits only that Mr. Brown is affiliated with Atrius. Atrius denies the remaining allegations in Paragraph 4 insofar as a response by Atrius is required. No response is made on behalf of Mr. Brown.

5. Paragraph 5 is directed principally to Counterclaim-Defendant Grant Shaw, who does not join this Answer and is responding separately. Atrius admits only that Mr. Shaw is affiliated with Atrius. Atrius denies the remaining allegations in Paragraph 5 insofar as a response by Atrius is required. No response is made on behalf of Mr. Shaw.

6. Paragraph 6 is directed principally to Counterclaim-Defendant Ryan Spadafore, who does not join this Answer and is responding separately. Atrius admits only that Mr. Spadafore is affiliated with Atrius. Atrius denies the remaining allegations in Paragraph 6 insofar as a response by Atrius is required. No response is made on behalf of Mr. Spadafore.

## JURISDICTION AND VENUE

7. Paragraph 7 incorporates preceding allegations and requires no separate response. To the extent a response is required, Atrius refers to its responses to the preceding paragraphs and denies any remaining allegations in Paragraph 7.

8. Atrius admits that the Counterclaims purport to assert claims for patent infringement arising under Title 35 of the United States Code. Atrius denies that Counterclaim-Plaintiffs have stated any valid claim for relief or that Atrius committed any actionable infringement. Atrius admits that this Court possesses jurisdiction under 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

9. The allegations in Paragraph 9 contain legal conclusions to which no response is required. To the extent a response is required, Atrius denies having consented to personal jurisdiction in the Eastern District of Texas. Atrius further denies that it commenced its declaratory-judgment action in this District. Instead, Atrius does not contest personal jurisdiction in the Western District of Texas for purposes of this action as filed. Atrius does not admit that personal jurisdiction is independently proper in the Eastern District of Texas apart from transfer for coordinated or consolidated pretrial proceedings in MDL No. 3176. Atrius denies the remaining allegations in Paragraph 9.

10. The allegations in Paragraph 10 contain legal conclusions to which no response is required. To the extent a response is required, Atrius admits that it originally filed this action in the Western District of Texas and that the action has been transferred for coordinated or consolidated pretrial proceedings in MDL No. 3176 in the Eastern District of Texas before the Honorable Amos L. Mazzant, III. Atrius denies any remaining allegations in Paragraph 10.

11. The allegations in Paragraph 11 contain legal conclusions to which no response is required. To the extent a response is required, Atrius denies that joinder of Counterclaim-

Defendants Malcolm Brown, Grant Shaw, and Ryan Spadafore is proper under Fed. R. Civ. P. 13, 19, and/or 20. Atrius denies any remaining allegations in Paragraph 11.

## BACKGROUND

12. Paragraph 12 incorporates preceding allegations and requires no separate response. To the extent a response is required, Atrius refers to its responses to the preceding paragraphs and denies any remaining allegations in Paragraph 12.

13. Atrius admits that the Counterclaims purport to assert direct, contributory, and induced infringement of U.S. Patent Nos. 12,038,247, 12,031,784, 12,578,159, and 12,636,403 (together, "the Counterclaim Patents"). Atrius denies that it has infringed, induced infringement of, or contributed to infringement of any valid and enforceable patent claims and denies any remaining allegations in Paragraph 13.

14. Atrius admits that Exhibit A to the Counterclaims purports to be a copy of U.S. Patent No. 12,031,784 ("the '784 Patent") and that the Counterclaims allege that the '784 Patent issued on July 9, 2024. Atrius denies that each and every claim of the '784 Patent is valid and enforceable and denies any remaining allegations in Paragraph 14.

15. Atrius admits that Exhibit B to the Counterclaims purports to be a copy of U.S. Patent No. 12,038,247 ("the '247 Patent") and that the Counterclaims allege that the '247 Patent issued on July 16, 2024. Atrius denies that each and every claim of the '247 Patent is valid and enforceable and denies any remaining allegations in Paragraph 15.

16. Atrius admits that Exhibit C to the Counterclaims purports to be a copy of U.S. Patent No. 12,578,159 ("the '159 Patent") and that the Counterclaims allege that the '159 Patent issued on March 17, 2026. Atrius denies that each and every claim of the '159 Patent is valid and enforceable and denies any remaining allegations in Paragraph 16.

17. Atrius admits that Exhibit D to the Counterclaims purports to be a copy of U.S. Patent No. 12,636,403 ("the '403 Patent") and that the Counterclaims allege that the '403 Patent issued on May 26, 2026. Atrius denies that each and every claim of the '403 Patent is valid and enforceable and denies any remaining allegations in Paragraph 17.

18. Atrius is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies them.

19. Atrius is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies them.

20. Atrius denies that Counterclaim-Plaintiffs have complied with 35 U.S.C. § 287. Atrius specifically denies that merely requiring a licensee to mark establishes compliance with § 287 and demand strict proof that Counterclaim-Plaintiffs and their authorized licensees making, offering for sale, selling, or importing articles practicing any Counterclaim Patent substantially and consistently complied with the applicable physical- or virtual-marking requirements. Atrius further denies that Counterclaim-Plaintiffs provided Atrius legally sufficient actual notice of any alleged infringement before the filing of this action. Except as expressly admitted, Atrius denies the allegations in Paragraph 20.

21. Atrius denies the allegations in Paragraph 21.

## THE INVENTIONS

22. Atrius admits that a typical AR-15-pattern firearm may be considered a semiautomatic firearm and that, in general terms, standard AR-pattern fire control groups include a hammer, trigger member, and disconnector that operate substantially as described in Paragraph 22. Atrius denies the remaining allegations in Paragraph 22 to the extent they purport to characterize technical operation, purported novelty of Counterclaim-Plaintiffs' patents, and legal conclusions, or implication of infringement.

23. Atrius admits that, in a standard AR-pattern fire control group, a disconnector typically retains the hammer in a cocked position until the trigger member is reset and that semiautomatic operation requires a separate trigger pull for each shot and prevents hammer follow. Atrius denies the remaining allegations in Paragraph 23 to the extent they purport to characterize technical operation, purported novelty of Counterclaim-Plaintiffs' patents, and legal conclusions, or implication of infringement.

24. Atrius admits that some trigger mechanisms utilize the cycling bolt carrier to cause or assist the trigger member in moving toward a reset position, and that such mechanisms were known in the art prior to the Counterclaim Patents. Atrius denies the remaining allegations in Paragraph 24 to the extent they purport to characterize technical operation, purported novelty of Counterclaim-Plaintiffs' patents, and legal conclusions, or implication of infringement.

25. Atrius admits that the '247 and '159 Patents purport to disclose certain trigger-related mechanisms for semiautomatic firearms. Atrius denies the remaining allegations in Paragraph 25 to the extent they characterize the novelty, scope, operation, or legal effect of those patents beyond the express language of the patents, which speak for themselves.

26. Atrius admits that the '784 Patent purports to disclose certain trigger-related mechanisms for semiautomatic firearms. Atrius denies the remaining allegations in Paragraph 26 to the extent they characterize the novelty, scope, operation, or legal effect of the '784 Patent beyond the express language of the patent, which speaks for itself.

27. Atrius admits that the '403 Patent purports to disclose and claim certain trigger-related mechanisms. Atrius denies the remaining allegations in Paragraph 27 to the extent they characterize the novelty, scope, operation, or legal effect of those patents beyond their express language, which speaks for itself.

28. Atrius admits that patent claims define the scope of the inventions claimed in a patent. Atrius denies any allegation that any claim of any Counterclaim Patent is valid, enforceable, or infringed and denies any remaining allegations in Paragraph 28.

**THE INFRINGING DEVICES**

29. Paragraph 29 incorporates preceding allegations and requires no separate response. To the extent a response is required, Atrius refers to its responses to the preceding paragraphs and denies any remaining allegations in Paragraph 29.

30. Atrius admits that it has sold or offered for sale the Atrius Forced Reset Selector ("Atrius FRS"). Atrius denies that any such product infringes any valid and enforceable claim of the '247, '784, '159, or '403 Patents and denies any remaining allegations in Paragraph 30.

31. Atrius admits that Paragraph 31 purports to include images from Atrius's website. Atrius denies any allegation that the images establish infringement or any other liability and denies any remaining allegations in Paragraph 31.

32. Atrius admits that the Atrius FRS product can switch between SAFE, SEMI (Traditional), and FULL-SEMI modes. Atrius denies any allegation that this establishes infringement or any other liability and denies any remaining allegations in Paragraph 32.

33. Atrius admits that Paragraph 33 purports to include an image from Atrius's website. Atrius denies any allegation that the image establishes infringement or any other liability and denies any remaining allegations in Paragraph 33.

**COUNTERCLAIM DEFENDANTS' RELATIONSHIP WITH BIG DADDY AND THE NOVEMBER 8, 2021 PATENT LICENSE AGREEMENT**

34. The allegations in Paragraph 34 concern Atrius's alleged relationship with non-parties Anthony McKnight, Big Daddy Unlimited, Inc. ("BDU"), and Performance Triggers ("PT"). Atrius denies that the allegations establish infringement, knowledge of infringement,

willfulness, inducement, individual liability, or any other basis for relief. These allegations are irrelevant to whether the Atrius FRS infringes any valid and enforceable claim of the Counterclaim Patents, and thus no response is required. To the extent a response is required, Atrius admits that it previously had business dealings with McKnight, BDU, and PT. Atrius denies that McKnight, BDU, or PT exercised control over Atrius's business operations, and denies that they originated, funded, or brought the accused Atrius FRS to market. Atrius denies all remaining allegations in Paragraph 34.

35. The allegations in Paragraph 35 concern a Patent License Agreement between Atrius and BDU (the "License"), which concerned technology developed by Atrius relating to assisted-reset triggers covered by a then-pending patent application. Atrius denies that the License concerned "forced reset triggers" in the sense alleged by Counterclaim-Plaintiffs. Atrius further denies that the License has any relation to the Atrius FRS, the sole product accused of infringing the Counterclaim Patents, and thus the License has no relevance to the present dispute. Atrius denies the remaining allegations in Paragraph 35 to the extent they characterize the scope, rights, obligations, or legal effect of the License beyond the express language of the License, which speaks for itself. Atrius further denies all implications or characterizations regarding liability for infringement of the Counterclaim Patents that one may make based on the allegations contained in Paragraph 35.

36. The allegations in Paragraph 36 concern purported terms of the License, which are irrelevant to the present action, and thus no response is required. To the extent a response is required, Atrius denies Counterclaim-Plaintiffs' characterization of the License and denies that it transferred rights in or relates to the accused Atrius FRS. Atrius denies all remaining allegations in Paragraph 36.

37. The allegations in Paragraph 37 concern purported payment terms of the License and subsequent business dealings purportedly related to the License. The License and Atrius's prior business dealings with McKnight, BDU, and/or PT are irrelevant to the present action, and thus no response is required. To the extent a response is required, Atrius denies Counterclaim-Plaintiffs' characterization of the License and denies that it transferred rights in or relates to the accused Atrius FRS. Atrius denies all remaining allegations in Paragraph 37.

38. The allegations in Paragraph 38 concern purported terms of the License, which are irrelevant to the present action, and thus no response is required. To the extent a response is required, Atrius denies Counterclaim-Plaintiffs' characterization of the License and denies that it transferred rights in or relates to the accused Atrius FRS. Atrius denies all remaining allegations in Paragraph 38.

39. The allegations in Paragraph 39 concern purported duration and renewal terms of the License and supposed performance under the License, which are irrelevant to the present action, and thus no response is required. To the extent a response is required, Atrius denies Counterclaim-Plaintiffs' characterization of the License and denies that it transferred rights in or relates to the accused Atrius FRS. Atrius denies all remaining allegations in Paragraph 39.

40. The allegations in Paragraph 40 contain legal conclusions to which no response is required. Further, the allegations in Paragraph 40 concern purported terms and effect of the License, which are irrelevant to the present action, and thus no response is required. To the extent a response is required, Atrius denies Counterclaim-Plaintiffs' characterization of the License and denies that it transferred rights in or relates to the accused Atrius FRS. Atrius denies all remaining allegations in Paragraph 40.

41. The allegations in Paragraph 41 concern purported funding and development of technology related to the License, which is irrelevant to the present action, and thus no response is required. To the extent a response is required, Atrius denies the allegations of Paragraph 41.

42. The allegations in Paragraph 42 concern Atrius's business dealings with non-party McKnight and products other than the Atrius FRS, the sole product accused of infringing the Counterclaim Patents. These allegations are irrelevant to the present action; thus, no response is required. To the extent a response is required, Atrius denies the allegations of Paragraph 42.

43. The allegations in Paragraph 43 concern the ART product, not the Atrius FRS. Atrius maintains that these allegations are irrelevant to the present action, and thus no response is required. To the extent a response is required, Atrius denies the allegations in Paragraph 43. Atrius specifically denies any allegation that it "smuggled" manufactured ARTs (or any product) into the United States from China, that it has violated any statutes, rules, regulations, or orders promulgated by the Department of Homeland Security, Customs and Border Protection, or any other federal, state, or local government agency or regulatory body. Atrius denies any remaining allegations in Paragraph 43.

44. The allegations in Paragraph 44 concern purported conduct by non-party McKnight that is irrelevant to the present action; thus, no response is required. To the extent a response is required, Atrius denies the allegations in Paragraph 44.

45. The allegations in Paragraph 45 concern purported conduct by non-party McKnight that is irrelevant to the present action; thus, no response is required. To the extent a response is required, Atrius denies the allegations of Paragraph 45. Further, Atrius specifically denies that the Atrius FRS is a "forced-reset trigger" as Counterclaim-Plaintiffs use that term.

46. The allegations in Paragraph 46 concern a purported Confidential Settlement Agreement (the "Settlement Agreement") signed by non-party McKnight and his companies. The Settlement Agreement is irrelevant to the present action; thus, no response is required. To the extent a response is required, Atrius admits that it was aware of Rare Breed's prior litigation against McKnight and his companies and that those parties settled that litigation. Atrius denies that it or Brown knew, were informed of, were made aware of, or otherwise were on notice of the specific terms of the Settlement Agreement before being sued by Counterclaim-Plaintiffs. Atrius denies any remaining allegation in Paragraph 46, and further denies all implications or characterizations regarding liability for infringement of the Counterclaim Patents that one may make based on the allegations contained in Paragraph 46.

47. The allegations in Paragraph 47 concern purported business dealings between Atrius and non-parties McKnight and BDU. These allegations do not concern the counterclaims current asserted against Atrius (*i.e.*, whether the Atrius FRS infringes any valid and enforceable claim of the Counterclaim Patents), and thus no response is required. To the extent a response is required, Atrius denies the allegations in Paragraph 47.

48. The allegations in Paragraph 48 contain legal conclusions to which no response is required. To the extent a response is required, Atrius denies the allegations contained in Paragraph 48.

**COUNTERCLAIM COUNT I – INFRINGEMENT OF THE '247 PATENT**

49. Paragraph 49 incorporates preceding allegations and requires no separate response. To the extent a response is required, Atrius refers to its responses to the preceding paragraphs and denies any remaining allegations in Paragraph 49.

50. Atrius denies the allegations in Paragraph 50.

51. Atrius denies the allegations in Paragraph 51.

52. Atrius denies that the referenced claim chart accurately compares the Atrius FRS to claim 15 of the ’247 Patent. Atrius specifically denies that the Atrius FRS, when assembled and used as intended, meets each and every limitation of claim 15, whether literally or under the doctrine of equivalents, denies that any images or annotations in the chart establish infringement, and denies any remaining allegations in Paragraph 52.

53. Atrius admits that Paragraph 53 purports to include images from Atrius’s website. Atrius denies any allegation that the images establish infringement, induced infringement, contributory infringement, or any other liability and denies any remaining allegations in Paragraph 53.

54. Atrius admits that Paragraph 54 purports to include an image from a video Atrius posted on the internet. Atrius denies any allegation that the image or video establishes infringement, induced infringement, or any other liability and denies any remaining allegations in Paragraph 54.

55. Atrius admits that Paragraph 55 purports to include images from Atrius’s website. Atrius denies any allegation that the images establish infringement, induced infringement, contributory infringement, or any other liability and denies any remaining allegations in Paragraph 55.

56. Atrius admits that Paragraph 56 purports to include images from Atrius’s website. Atrius denies any allegation that the images establish infringement, induced infringement, contributory infringement, or any other liability and denies any remaining allegations in Paragraph 56.

57. Atrius denies the allegations in Paragraph 57.

58. Atrius denies the allegations of Paragraph 58.

59. Atrius admits that Paragraph 59 purports to include images from Atrius's website. Atrius denies any allegation that the images establish infringement, induced infringement, contributory infringement, or any other liability and denies any remaining allegations in Paragraph 59.

60. The allegations in Paragraph 60 contain legal conclusions to which no response is required. Further, the allegations in Paragraph 60 concern purported business dealings between Atrius and non-parties to this litigation. To the extent a response is required, Atrius denies the allegations of Paragraph 60.

61. Atrius denies the allegations of Paragraph 61.

62. Atrius denies the allegations of Paragraph 62.

63. Atrius denies the allegations of Paragraph 63.

64. Atrius denies the allegations of Paragraph 64.

65. Atrius denies the allegations of Paragraph 65.

66. Atrius denies the allegations of Paragraph 66.

## COUNTERCLAIM COUNT II – INFRINGEMENT OF THE '784 PATENT

67. Paragraph 67 incorporates preceding allegations and requires no separate response. To the extent a response is required, Atrius refers to its responses to the preceding paragraphs and denies any remaining allegations in Paragraph 67.

68. Atrius denies the allegations in Paragraph 68.

69. Atrius denies the allegations in Paragraph 69.

70. Atrius denies that the referenced claim chart accurately compares the Atrius FRS to claim 1 of the '784 Patent. Atrius specifically denies that the Atrius FRS, when assembled and used as intended, meets each and every limitation of claim 1, whether literally or under the doctrine

of equivalents, denies that any images or annotations in the chart establish infringement, and denies any remaining allegations in Paragraph 70.

71. Atrius admits that Paragraph 71 purports to include images from Atrius's website. Atrius denies any allegation that the images establish infringement, induced infringement, contributory infringement, or any other liability and denies any remaining allegations in Paragraph 71.

72. Atrius admits that Paragraph 72 purports to include an image from a video Atrius posted on the internet. Atrius denies any allegation that the image or video establishes infringement, induced infringement, or any other liability and denies any remaining allegations in Paragraph 72.

73. Atrius admits that Paragraph 73 purports to include images from Atrius's website. Atrius denies any allegation that the images establish infringement, induced infringement, contributory infringement, or any other liability and denies any remaining allegations in Paragraph 73.

74. Atrius admits that Paragraph 74 purports to include images from Atrius's website. Atrius denies any allegation that the images establish infringement, induced infringement, contributory infringement, or any other liability and denies any remaining allegations in Paragraph 74.

75. Atrius denies the allegations in Paragraph 75.

76. Atrius denies the allegations of Paragraph 76.

77. Atrius admits that Paragraph 77 purports to include images from Atrius's website. Atrius denies any allegation that the images establish infringement, induced infringement,

contributory infringement, or any other liability and denies any remaining allegations in Paragraph 77.

78. The allegations in Paragraph 78 contain legal conclusions to which no response is required. Further, the allegations in Paragraph 78 concern purported business dealings between Atrius and non-parties to this litigation. To the extent a response is required, Atrius denies the allegations of Paragraph 78.

79. Atrius denies the allegations of Paragraph 79.

80. Atrius denies the allegations of Paragraph 80.

81. Atrius denies the allegations of Paragraph 81.

82. Atrius denies the allegations of Paragraph 82.

83. Atrius denies the allegations of Paragraph 83.

84. Atrius denies the allegations of Paragraph 84.

**COUNTERCLAIM COUNT III – INFRINGEMENT OF THE ’159 PATENT**

85. Paragraph 85 incorporates preceding allegations and requires no separate response. To the extent a response is required, Atrius refers to its responses to the preceding paragraphs and denies any remaining allegations in Paragraph 85.

86. Atrius denies the allegations in Paragraph 86.

87. Atrius denies the allegations in Paragraph 87.

88. Atrius denies that the referenced claim chart accurately compares the Atrius FRS to claim 1 of the ’159 Patent. Atrius specifically denies that the Atrius FRS, when assembled and used as intended, meets each and every limitation of claim 1, whether literally or under the doctrine of equivalents, denies that any images or annotations in the chart establish infringement, and denies any remaining allegations in Paragraph 88.

89. Atrius admits that Paragraph 89 purports to include images from Atrius's website. Atrius denies any allegation that the images establish infringement, induced infringement, contributory infringement, or any other liability and denies any remaining allegations in Paragraph 89.

90. Atrius admits that Paragraph 90 purports to include an image from a video Atrius posted on the internet. Atrius denies any allegation that the image or video establishes infringement, induced infringement, or any other liability and denies any remaining allegations in Paragraph 90.

91. Atrius admits that Paragraph 91 purports to include images from Atrius's website. Atrius denies any allegation that the images establish infringement, induced infringement, contributory infringement, or any other liability and denies any remaining allegations in Paragraph 91.

92. Atrius admits that Paragraph 92 purports to include images from Atrius's website. Atrius denies any allegation that the images establish infringement, induced infringement, contributory infringement, or any other liability and denies any remaining allegations in Paragraph 92.

93. Atrius denies the allegations in Paragraph 93.

94. Atrius denies the allegations of Paragraph 94.

95. Atrius admits that Paragraph 95 purports to include images from Atrius's website. Atrius denies any allegation that the images establish infringement, induced infringement, contributory infringement, or any other liability and denies any remaining allegations in Paragraph 95.

96. Atrius denies the allegations of Paragraph 96.

97. Atrius denies the allegations of Paragraph 97.

98. Atrius denies the allegations of Paragraph 98.

99. Atrius denies the allegations of Paragraph 99.

100. Atrius denies the allegations of Paragraph 100.

101. Atrius denies the allegations of Paragraph 101.

102. Atrius denies the allegations of Paragraph 102.

**COUNTERCLAIM COUNT IV – INFRINGEMENT OF THE ’403 PATENT**

103. Paragraph 103 incorporates preceding allegations and requires no separate response. To the extent a response is required, Atrius refers to its responses to the preceding paragraphs and denies any remaining allegations in Paragraph 103.

104. Atrius denies the allegations in Paragraph 104.

105. Atrius denies the allegations in Paragraph 105.

106. Atrius denies that the referenced claim chart accurately compares the Atrius FRS to claim 38 of the ’403 Patent. Atrius specifically denies that the Atrius FRS, when assembled and used as intended, meets each and every limitation of claim 38, whether literally or under the doctrine of equivalents, denies that any images or annotations in the chart establish infringement, and denies any remaining allegations in Paragraph 106.

107. Atrius admits that Paragraph 107 purports to include images from Atrius’s website. Atrius denies any allegation that the images establish infringement, induced infringement, contributory infringement, or any other liability and denies any remaining allegations in Paragraph 107.

108. Atrius admits that Paragraph 108 purports to include an image from a video Atrius posted on the internet. Atrius denies any allegation that the image or video establishes

infringement, induced infringement, or any other liability and denies any remaining allegations in Paragraph 108.

109. Atrius admits that Paragraph 109 purports to include images from Atrius's website. Atrius denies any allegation that the images establish infringement, induced infringement, contributory infringement, or any other liability and denies any remaining allegations in Paragraph 109.

110. Atrius admits that Paragraph 110 purports to include images from Atrius's website. Atrius denies any allegation that the images establish infringement, induced infringement, contributory infringement, or any other liability and denies any remaining allegations in Paragraph 110.

111. Atrius denies the allegations in Paragraph 111.

112. Atrius denies the allegations of Paragraph 112.

113. Atrius admits that Paragraph 113 purports to include images from Atrius's website. Atrius denies any allegation that the images establish infringement, induced infringement, contributory infringement, or any other liability and denies any remaining allegations in Paragraph 113.

114. Atrius denies the allegations of Paragraph 114.

115. Atrius denies the allegations of Paragraph 115.

116. Atrius denies the allegations of Paragraph 116.

117. Atrius denies the allegations of Paragraph 117.

118. Atrius denies the allegations of Paragraph 118.

119. Atrius denies the allegations of Paragraph 119.

120. Atrius denies the allegations of Paragraph 120.

## RESPONSE TO COUNTERCLAIM-PLAINTIFFS' PRAYER FOR RELIEF

No response to the prayer for relief is required. To the extent a response is required, Atrius denies that Counterclaim-Plaintiffs are entitled to any relief against Atrius and requests that judgment be entered in Atrius's favor, that Counterclaim-Plaintiffs take nothing on their claims, and that all requested relief be denied.

## DEMAND FOR JURY TRIAL

No response to the demand for jury trial is required. To the extent a response is required, Atrius denies that Counterclaim-Plaintiffs have any cognizable claim that merits resolution by a jury. Atrius demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Atrius asserts the following defenses without assuming any burden of pleading or proof that would otherwise rest with Counterclaim-Plaintiffs and without admitting that any defense identified below is properly characterized as an affirmative defense. Atrius reserves the right to amend this Answer and its defenses as additional information becomes known through investigation, discovery, claim construction, expert analysis, or other proceedings.

## FIRST DEFENSE – FAILURE TO STATE A CLAIM

The Counterclaims fail to state a claim upon which relief can be granted.

## SECOND DEFENSE – NON-INFRINGEMENT OF THE COUNTERCLAIM PATENTS

Atrius has not infringed and does not infringe any valid, enforceable claim of any Counterclaim Patent under any theory, including literally, under the doctrine of equivalents, directly, contributorily, by inducement, willfully, or otherwise.

**THIRD DEFENSE – INVALIDITY OF THE COUNTERCLAIM PATENTS**

The asserted claims of the Counterclaim Patents are invalid for failure to comply with one or more requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, as further alleged in Atrius's declaratory-judgment claims.

**FOURTH DEFENSE – PROSECUTION HISTORY ESTOPPEL AND DISCLAIMER**

Counterclaim-Plaintiffs are estopped from construing any valid claim of the Counterclaim Patents to cover or include, either literally or under the doctrine of equivalents, any accused product in view of statements, amendments, arguments, admissions, disclaimers, and/or representations made to the United States Patent and Trademark Office during prosecution of the applications leading to the issuance of the Counterclaim Patents.

**FIFTH DEFENSE – LACK OF ACTUAL NOTICE; LIMITATION ON PATENT DAMAGES**

To the extent Counterclaim-Plaintiffs, their predecessors, assignees, licensees, or other authorized persons making, offering for sale, selling, or importing articles practicing any Counterclaim Patent failed substantially and consistently to mark those articles in compliance with 35 U.S.C. § 287(a), Counterclaim-Plaintiffs may not recover damages for alleged infringement occurring before Atrius received legally sufficient actual notice of a specific charge of infringement concerning a specific Counterclaim Patent and accused product.

On information and belief, during one or more relevant periods, Counterclaim-Plaintiffs and/or their licensees have made, offered for sale, sold, or imported tangible products that Counterclaim-Plaintiffs contend embody one or more Counterclaim Patents without substantially and consistently marking those products in compliance with § 287(a), including FRT-15L3, FRT-MR3, FRT-15C3, FRT-SG3, and FRT-RD3. Merely imposing a contractual marking requirement upon a licensee does not establish actual marking compliance or reasonable efforts to

ensure compliance. Once Atrius identifies specific unmarked articles reasonably believed to practice a Counterclaim Patent, Counterclaim-Plaintiffs bear the burden of proving that those articles do not practice the patent or that marking substantially complied with § 287(a). Atrius further denies that, before the filing of these Counterclaims, Counterclaim-Plaintiffs affirmatively communicated to Atrius a specific charge that a particular Atrius product infringed a particular Counterclaim Patent. Mere knowledge of a patent, or accusations directed only to third parties, did not constitute actual notice to Atrius under § 287(a). Atrius reserves the right to assert this defense on a patent-by-patent basis as discovery develops.

**SIXTH DEFENSE – EQUITABLE DEFENSES**

Counterclaim-Plaintiffs' claims for equitable relief are barred or limited by waiver, equitable estoppel, acquiescence, and/or unclean hands. Laches is asserted only to the extent legally available and not to bar patent damages incurred within the period prescribed by 35 U.S.C. § 286. Intervening rights are asserted only to the extent an asserted claim was substantively amended or newly issued through a proceeding giving rise to such rights.

**SEVENTH DEFENSE – NO EXCEPTIONAL CASE OR ATTORNEYS' FEES FOR COUNTERCLAIM-PLAINTIFFS' CLAIMS**

Counterclaim-Plaintiffs' claims are not subject to an exceptional case finding under 35 U.S.C. § 285, and Counterclaim-Plaintiffs are not entitled to their costs, attorneys' fees, or enhanced monetary relief.

**EIGHTH DEFENSE – LICENSE, EXHAUSTION, AND NO DOUBLE RECOVERY**

Counterclaim-Plaintiffs' claims for patent infringement are precluded in whole or in part to the extent any accused products are imported by, sold by or to, offered for sale by, made by, made for, or otherwise supplied directly or indirectly by or to any entity having an express or implied license to any Counterclaim Patent; to the extent Counterclaim-Plaintiffs' claims are

barred by patent exhaustion; and/or to the extent Counterclaim-Plaintiffs seek double recovery for alleged infringement attributable to the same product, transaction, or act.

**NINTH DEFENSE – PATENT MISUSE**

Counterclaim-Plaintiffs have engaged in patent misuse by attempting to leverage the Counterclaim Patents to improperly monopolize a field of long-known technology, by pursuing scattershot litigation against dealers and competitors in an effort to chill lawful competition, and by seeking to extend the scope of alleged patent rights beyond lawful bounds, including by asserting claims Counterclaim-Plaintiffs knew or should have known are invalid and not infringed. Any such misuse renders the Counterclaim Patents unenforceable unless and until the misuse is purged.

**TENTH DEFENSE – NO WILLFULNESS OR ENHANCED DAMAGES**

Atrius has not deliberately or intentionally infringed any Counterclaim Patent. Counterclaim-Plaintiffs cannot establish, on a patent-by-patent and time-period-specific basis, that Atrius knew of the applicable patent and deliberately engaged in conduct it knew or believed infringed a valid and enforceable claim. Atrius's filings and prosecution of good-faith declaratory-judgment claims does not constitute an admission of infringement or willfulness.

Separately, even if willful infringement were found, enhanced damages would not be warranted under 35 U.S.C. § 284. Considering the totality of the circumstances, Atrius did not engage in wanton, malicious, bad-faith, consciously wrongful, flagrant, or otherwise egregious misconduct. Atrius's contemporaneous investigation and substantial good-faith positions concerning noninfringement, invalidity, and unenforceability further weigh against discretionary enhancement.

**ELEVENTH DEFENSE – NO IRREPARABLE HARM OR BASIS FOR INJUNCTION**

Counterclaim-Plaintiffs are not entitled to preliminary or permanent injunctive relief because they cannot show success on the merits, irreparable harm, inadequacy of legal remedies, that the balance of hardships favors an injunction, or that the public interest supports injunctive relief. Any alleged injury is fully compensable through monetary remedies, and the public interest favors competition and lawful aftermarket innovation.

**TWELFTH DEFENSE – INEQUITABLE CONDUCT**

To the extent supported by the particularized allegations in Atrius's patent-unenforceability claims, the certain asserted claims of the Counterclaim Patents are unenforceable due to inequitable conduct. Atrius incorporates by reference the particularized inequitable-conduct allegations set forth in Paragraphs 137–239 and 255–263 of its Second Amended Complaint (Dkt. 45) and in its Response in Opposition to Counterclaim-Plaintiffs' Motion for Preliminary Injunction (Dkt. 88).

**THIRTEENTH DEFENSE – NO CAUSATION OR DAMAGES CAUSED BY DEFENDANT**

No act or omission of Atrius was a substantial factor in bringing about any damage alleged by Counterclaim-Plaintiffs, nor was any act or omission of Atrius a contributing cause thereof. Counterclaim-Plaintiffs' claims are barred, in whole or in part, because any alleged damages were caused in whole or in part by the acts or omissions of Counterclaim-Plaintiffs or other third parties, and not by Atrius.

**FOURTEENTH DEFENSE – NO CONTRIBUTORY OR INDUCED PATENT INFRINGEMENT**

Counterclaim-Plaintiffs' claims for induced and contributory patent infringement are barred because Atrius has not knowingly induced any direct infringement, has not possessed the specific intent required for inducement, has not sold or offered for sale any component specially

made or specially adapted for use in an infringement of any valid and enforceable claim, and has not sold or offered for sale any component lacking substantial noninfringing uses. Counterclaim-Plaintiffs also cannot establish, for each Counterclaim Patent, an underlying act of direct infringement; Atrius's knowledge of that particular patent; Atrius's knowledge that the specifically induced acts constituted infringement; affirmative conduct specifically intended to cause infringement; or, for contributory infringement, a component satisfying every requirement of 35 U.S.C. § 271(c).

**FIFTEENTH DEFENSE – FAILURE TO MITIGATE**

Counterclaim-Plaintiffs' claims for damages, injunctive relief, and other remedies are barred or limited because Counterclaim-Plaintiffs failed to take reasonable steps to mitigate any alleged damages or harm.

**SIXTEENTH DEFENSE – PRECLUSION, ESTOPPEL, LAW OF THE CASE, AND EFFECT OF MANUFACTURER AND MDL DETERMINATIONS**

Counterclaim-Plaintiffs' claims are barred, limited, or otherwise subject to reduction in whole or in part by issue preclusion, claim preclusion, judicial estoppel, law of the case, the customer-suit and manufacturer-action doctrines, and/or other principles of comity, efficiency, and coordinated adjudication arising from prior, pending, or future determinations in related actions involving the same accused product lines, asserted patents, alleged injuries, and requested relief. Those related proceedings include, without limitation, actions filed by Counterclaim-Plaintiffs against manufacturers and dealers of other accused products (*e.g.*, "Super Safety," "Disruptor," "ARC-Fire"); Federal Circuit proceedings arising from those actions; and earlier-filed or coordinated actions pending before this Court in MDL No. 3176.

To the extent this Court, the Federal Circuit, any transferor court, or any transferee court has determined or later determines issues concerning claim construction, product operation,

infringement, non-infringement, validity, invalidity, prior art, unenforceability, prosecution conduct, irreparable harm, adequacy of legal remedies, balance of hardships, public interest, willfulness, inducement, damages, entitlement to injunctive relief, or any other issue common to Counterclaim-Plaintiffs' claims against Atrius, Counterclaim-Plaintiffs are precluded and/or estopped from relitigating those issues, taking contrary positions, or seeking duplicative, inconsistent, or broader relief against Atrius. Counterclaim-Plaintiffs likewise are barred from reasserting arguments, claims, or requested relief that have been rejected, or that are inconsistent with positions taken or rulings entered, in actions filed by Counterclaim-Plaintiffs against manufacturers and dealers of other accused products, related Federal Circuit proceedings, or other earlier-filed or coordinated actions in MDL No. 3176. Atrius reserves all rights to invoke the preclusive, estoppel, law-of-the-case, persuasive, or case-management effect of any such ruling, order, judgment, finding, claim construction, factual determination, or appellate decision. Atrius further reserves the right to seek appropriate coordination, stays, or other case-management relief based on overlapping manufacturer and MDL proceedings.

## SEVENTEENTH DEFENSE – NO PRE-ISSUANCE DAMAGES OR PROVISIONAL RIGHTS

Counterclaim-Plaintiffs may not recover patent-infringement damages for any alleged act occurring before issuance of the applicable Counterclaim Patent. To the extent Counterclaim-Plaintiffs seek a reasonable royalty for pre-issuance activity under 35 U.S.C. § 154(d), such relief is barred because Counterclaim-Plaintiffs cannot establish each statutory prerequisite, including actual notice to Atrius of the pertinent, published patent application and substantial identity between the claims of the published application and the issued patent.

**EIGHTEENTH DEFENSE – NO DIRECT INFRINGEMENT OF COMPLETED CLAIM COMBINATIONS BY RETAIL SALE OF STANDALONE COMPONENTS**

Atrius's sale or offer for sale of a standalone selector or component does not constitute direct infringement of any asserted claim requiring a complete firearm, trigger assembly, or other multi-component combination. Counterclaim-Plaintiffs must prove that Atrius itself performed an act enumerated in 35 U.S.C. § 271(a) with respect to a product containing every limitation of the asserted claim. A customer's independent assembly or use is not Atrius's direct infringement unless Counterclaim-Plaintiffs establish a legally sufficient basis for attribution. This defense does not concede indirect infringement, which Atrius separately denies.

**NINETEENTH DEFENSE – APPORTIONMENT; LOST PROFITS; PLAINTIFF-SPECIFIC DAMAGES**

Any reasonable-royalty or lost-profits award must be apportioned to the incremental value of the claimed invention, excluding the value of unpatented components, conventional firearm functionality, trademarks, marketing, goodwill, and other nonpatented features. Counterclaim-Plaintiffs may not invoke the entire-market-value rule, recover duplicative damages through multiple plaintiffs or overlapping patents, or recover convoyed-sales damages without satisfying the applicable legal and evidentiary requirements. Any claim for lost profits further requires proof, by the particular plaintiff claiming the loss of demand for the patented product, absence of acceptable noninfringing alternatives, manufacturing and marketing capacity, causation, and the amount of profit that the particular Counterclaim-Plaintiff would have earned.

**TWENTIETH DEFENSE – OWNERSHIP, EXCLUSIONARY RIGHTS, AND ENTITLEMENT TO RELIEF**

For each Counterclaim Patent and each relevant period, Counterclaim-Plaintiffs bear the burden to establish an enforceable chain of title, ABC's ownership, the nature and scope of any rights granted to Rare Breed, and the particular plaintiffs' entitlement to the category of damages

or equitable relief sought. No plaintiff may recover another entity's alleged loss, damages arising outside the period in which that plaintiff held the required rights, or a duplicative recovery for the same accused act, product, or sale.

## RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES

Atrius has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely upon other applicable defenses that may become available or apparent throughout the course of this action. Atrius reserves the right to amend, or seek leave to amend, its answer, including its affirmative and other defenses.

Dated: September 4, 2026

Respectfully submitted,

*/s/ Brandon Merrill*

Robert Manley
Texas Bar No. 787955
Edward K. Chin
Texas State Bar No. 50511688
Alex Chern
Texas Bar No. 24109718
Brandon Merrill
Texas Bar No. 24144769
RManley@McKoolSmith.com
EChin@McKoolSmith.com
AChern@McKoolSmith.com
BMerrill@McKoolSmith.com
**McKool Smith, P.C.**
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Ryan B. McBeth
Texas Bar No. 24078955
rmcbeth@McKoolSmith.com
Elliott Clay
Texas Bar No. 24148889
eclay@McKoolSmith.com
**McKool Smith P.C.**
600 Travis Street, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300

Adam V. Floyd
Texas Bar No. 00790699
AFloyd@FloydIP.com
**Floyd IP**
3203 Bluffs Lane
Parker, Texas 75002
Tel: (512) 497-7500

**Counsel for Counterclaim-Defendant Atrius Development Group Corporation, Inc.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on September 4, 2026, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Brandon Merrill*
Brandon Merrill