**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM** |
| **ATRIUS DEVELOPMENT GROUP CORPORATION, INC.,**<br>Plaintiff,<br>v.<br>**ABC IP, LLC, RARE BREED TRIGGERS, INC., and LAWRENCE DEMONICO**<br>Defendants. | Civil Action Nos.<br>4:26-cv-00448-ALM<br>4:26-cv-00984-ALM |
| **ABC IP, LLC and RARE BREED TRIGGERS, INC.,**<br>Counterclaim-Plaintiffs,<br>v.<br>**ATRIUS DEVELOPMENT GROUP CORPORATION, INC., MALCOLM BROWN, GRANT SHAW, and RYAN SPADAFORE,**<br>Counterclaim-Defendants. | |

**ATRIUS DEVELOPMENT GROUP CORPORATION, INC., MALCOLM BROWN, AND RYAN SPADAFORE'S ANSWER TO COUNTERCLAIM-PLAINTIFFS' AMENDED COUNTERCLAIMS**

Counterclaim-Defendants Atrius Development Group Corporation, Inc. ("Atrius"), Malcolm Brown, and Ryan Spadafore[1] (collectively, "Answering Counterclaim-Defendants") hereby answer Counterclaim-Plaintiffs ABC IP, LLC, and Rare Breed Triggers, Inc.'s Amended Counterclaims for Patent Infringement ("Counterclaims") and assert their affirmative defenses as set forth below. Atrius denies that it has infringed any valid, enforceable claim of U.S. Patent Nos. 12,038,247, 12,031,784, 12,578,159, and 12,636,403, and denies that Counterclaim-Plaintiffs are

[1] Messrs. Brown and Spadafore answer subject to, and without waiving, their defense of personal jurisdiction, which they expressly preserve below.

entitled to any relief. Answering Counterclaim-Defendants use the same headings used in the Counterclaims for convenience only and deny all allegations inherent or implied by those headings. Answering Counterclaim-Defendants deny all allegations in the Counterclaims that are not expressly admitted below. Any factual allegations admitted below are admitted only as to the specific admitted facts and not as to any purported conclusions, characterizations, or implications that might follow from the admitted facts.

**THE PLAINTIFFS**

1. Answering Counterclaim-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

2. Answering Counterclaim-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

**ATRIUS AND THE INDIVIDUAL COUNTERCLAIM DEFENDANTS**

3. Answering Counterclaim-Defendants admit that Atrius was previously a Montana corporation and that Atrius reincorporated in Texas on or about June 20, 2025. Answering Counterclaim-Defendants also admit that Atrius began selling the Forced Reset Selector ("FRS") on May 16, 2025. Answering Counterclaim-Defendants deny any implication that the timing of Atrius's reincorporation bears on infringement, personal jurisdiction, or any other issue, and deny the remaining allegations in Paragraph 3.

4. Answering Counterclaim-Defendants admit that Atrius Development Group Corporation, Inc. is a Texas corporation and that it has an address at 200 Congress Ave., Unit 31W, Austin, Texas 78701. Answering Counterclaim-Defendants deny any remaining allegations in Paragraph 4.

5. Paragraph 5 is directed principally to Counterclaim-Defendant Grant Shaw, who does not join this Answer and is responding separately. Answering Counterclaim-Defendants admit only that Atrius has an address at 200 Congress Ave., Unit 31W, Austin, Texas 78701. Answering Counterclaim-Defendants deny the remaining allegations in Paragraph 5 insofar as a response by Answering Counterclaim-Defendants is required, including any implication that Mr. Shaw's alleged prior ownership of residential property in Austin, Texas bears on infringement, personal jurisdiction, or any other issues. No response is made on behalf of Mr. Shaw.

6. Answering Counterclaim-Defendants admit that Atrius has an address at 200 Congress Ave., Suite 901, Austin, Texas 78701 and that this location is in the same building as the condominium identified in Paragraph 5. Answering Counterclaim-Defendants deny all remaining allegations in Paragraph 6, including any implication that co-location of these two addresses bears on infringement, personal jurisdiction, or any other issues.

7. Answering Counterclaim-Defendants admit that Messrs. Brown, Shaw, and Spadafore are directors of Atrius. Answering Counterclaim-Defendants deny any allegation or implication that these directors are personally liable for any alleged act of patent infringement.

8. Answering Counterclaim-Defendants admit that Mr. Brown resides in California.

9. Answering Counterclaim-Defendants admit that Mr. Brown is a director of Atrius. The allegation that Mr. Brown "controls and directs the operations of Atrius" is a legal conclusion or characterization to which no response is required. To the extent a response is required, Answering Counterclaim-Defendants deny that allegation and deny any remaining allegations in Paragraph 9.

10. Paragraph 10 is directed to Counterclaim-Defendant Grant Shaw, who does not join this Answer and is responding separately. Answering Counterclaim-Defendants admit only that

Mr. Shaw is affiliated with Atrius. Answering Counterclaim-Defendants deny the remaining allegations in Paragraph 10 insofar as a response by Answering Counterclaim-Defendants is required. No response is made on behalf of Mr. Shaw.

11. Paragraph 11 is directed to Counterclaim-Defendant Grant Shaw, who does not join this Answer and is responding separately. Answering Counterclaim-Defendants admit that Mr. Shaw is a director of Atrius. The allegation that Mr. Shaw "controls and directs the operations of Atrius" is a legal conclusion or characterization to which no response is required. To the extent a response is required, Answering Counterclaim-Defendants deny that allegation and deny any remaining allegations in Paragraph 11. No response is made on behalf of Mr. Shaw.

12. Paragraph 12 is directed to Counterclaim-Defendant Grant Shaw, who does not join this Answer and is responding separately. Answering Counterclaim-Defendants admit that Mr. Shaw has served as Atrius's registered agent in Texas. Answering Counterclaim-Defendants deny any allegation or implication that, as Atrius's registered agent, Mr. Shaw is personally liable for any alleged act of patent infringement. No response is made on behalf of Mr. Shaw.

13. Answering Counterclaim-Defendants admit that Mr. Spadafore resides in Idaho and previously resided in California.

14. Answering Counterclaim-Defendants admit that Mr. Spadafore is an officer of Atrius and that Atrius maintains an address at 200 Congress Ave., Suite 901, Austin, Texas 78701. Answering Counterclaim-Defendants deny any allegation or implication that Mr. Spadafore is personally liable for any alleged act of patent infringement and deny any remaining allegation in Paragraph 14.

15. Answering Counterclaim-Defendants admit that Mr. Spadafore is Atrius's Chief Executive Officer and a director of the company. The allegation that Mr. Spadafore "controls and

directs the operation of Atrius" is a legal conclusion or characterization to which no response is required. To the extent a response is required, Answering Counterclaim-Defendants deny that allegation and deny any remaining allegations in Paragraph 15.

16. Answering Counterclaim-Defendants admit that the three entities identified in Paragraph 16 (ADGC Death Star, LLC; ADGC Starkiller, Inc.; and ADGC Three Amigos, LLC) are related to Atrius Development Group, that each entity has an address at 200 Congress Ave., Suite 901, Austin, Texas 78701, and that each entity was registered in Texas on or about June 20, 2025. Answering Counterclaim-Defendants admit that Messrs. Brown, Shaw, and Spadafore are members or officers of these three entities. Answering Counterclaim-Defendants deny any allegation or implication that owning and managing other corporate entities bears on infringement of the Counterclaim Patents or other issues relevant to this action.

**JURISDICTION**

17. Paragraph 17 incorporates preceding allegations and requires no separate response. To the extent a response is required, Answering Counterclaim-Defendants refer to their responses to the preceding paragraphs and deny any remaining allegations in Paragraph 17.

18. Answering Counterclaim-Defendants admit that the Counterclaims purport to assert claims for patent infringement arising under Title 35 of the United States Code. Answering Counterclaim-Defendants deny that Counterclaim-Plaintiffs have stated any valid claim for relief or that Answering Counterclaim-Defendants committed any actionable infringement. Answering Counterclaim-Defendants admit that this Court possesses jurisdiction under 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

19. Answering Counterclaim-Defendants admit that, after Counterclaim-Plaintiffs sued dozens of Atrius's customers for patent infringement, Atrius brought two declaratory-judgment

actions concerning the Counterclaim Patents in the Western District of Texas and that both actions have been transferred to this Court for coordinated pretrial proceedings as part of MDL No. 3176.

20. Answering Counterclaim-Defendants admit that Atrius commenced these actions in Texas. Answering Counterclaim-Defendants deny that Messrs. Brown, Shaw, or Spadafore commenced any action in their individual capacities, and deny the remaining allegations in Paragraph 20.

21. The allegations in Paragraph 21 contain legal conclusions to which no response is required. To the extent a response is required, Answering Counterclaim-Defendants deny having consented to personal jurisdiction in the Eastern District of Texas. Answering Counterclaim-Defendants further deny that Atrius commenced its declaratory-judgment actions in this District. Instead, Answering Counterclaim-Defendants do not contest personal jurisdiction in the Western District of Texas for purposes of this action as filed. Answering Counterclaim-Defendants do not admit that personal jurisdiction is independently proper in the Eastern District of Texas apart from transfer for coordinated or consolidated pretrial proceedings in MDL No. 3176. Answering Counterclaim-Defendants deny the remaining allegations in Paragraph 21.

22. The allegations in Paragraph 22 contain legal conclusions to which no response is required. To the extent a response is required, Answering Counterclaim-Defendants admit that Atrius originally filed these actions in the Western District of Texas and that these actions have been transferred for coordinated or consolidated pretrial proceedings in MDL No. 3176 in the Eastern District of Texas before the Honorable Amos L. Mazzant, III. Answering Counterclaim-Defendants deny any remaining allegations in Paragraph 22.

23. The allegations in Paragraph 23 contain legal conclusions to which no response is required. To the extent a response is required, Answering Counterclaim-Defendants deny that

joinder of Counterclaim-Defendants Malcolm Brown, Grant Shaw, and Ryan Spadafore is proper under Fed. R. Civ. P. 13, 19, and/or 20. Atrius denies any remaining allegations in Paragraph 23.

24. The allegations in Paragraph 24 contain legal conclusions to which no response is required. To the extent a response is required, Answering Counterclaim-Defendants deny that any act alleged against one or more Counterclaim-Defendant bears on infringement of the Counterclaim Patents or other issues relevant to this action.

25. Answering Counterclaim-Defendants deny the allegations in Paragraph 25.

26. Answering Counterclaim-Defendants deny that the exercise of personal jurisdiction over Messrs. Brown and Spadafore is reasonable and comports with due process. No response is made on behalf of Mr. Shaw.

## BACKGROUND

27. Paragraph 27 incorporates preceding allegations and requires no separate response. To the extent a response is required, Answering Counterclaim-Defendants refer to their responses to the preceding paragraphs and deny any remaining allegations in Paragraph 27.

28. Answering Counterclaim-Defendants admit that the Counterclaims purport to assert direct, contributory, and induced infringement of U.S. Patent Nos. 12,038,247, 12,031,784, 12,578,159, and 12,636,403 (together, "the Counterclaim Patents"). Answering Counterclaim-Defendants deny that they have infringed, induced infringement of, or contributed to infringement of any valid and enforceable patent claims and deny any remaining allegations in Paragraph 28.

29. Answering Counterclaim-Defendants admit that Exhibit A to the Counterclaims purports to be a copy of U.S. Patent No. 12,031,784 ("the '784 Patent") and that the Counterclaims allege that the '784 Patent issued on July 9, 2024. Answering Counterclaim-Defendants deny that each and every claim of the '784 Patent is valid and enforceable and deny any remaining allegations in Paragraph 29.

30. Answering Counterclaim-Defendants admit that Exhibit B to the Counterclaims purports to be a copy of U.S. Patent No. 12,038,247 ("the '247 Patent") and that the Counterclaims allege that the '247 Patent issued on July 16, 2024. Answering Counterclaim-Defendants deny that each and every claim of the '247 Patent is valid and enforceable and deny any remaining allegations in Paragraph 30.

31. Answering Counterclaim-Defendants admit that Exhibit C to the Counterclaims purports to be a copy of U.S. Patent No. 12,578,159 ("the '159 Patent") and that the Counterclaims allege that the '159 Patent issued on March 17, 2026. Answering Counterclaim-Defendants deny that each and every claim of the '159 Patent is valid and enforceable and deny any remaining allegations in Paragraph 31.

32. Answering Counterclaim-Defendants admit that Exhibit D to the Counterclaims purports to be a copy of U.S. Patent No. 12,636,403 ("the '403 Patent") and that the Counterclaims allege that the '403 Patent issued on May 26, 2026. Answering Counterclaim-Defendants deny that each and every claim of the '403 Patent is valid and enforceable and deny any remaining allegations in Paragraph 32.

33. Answering Counterclaim-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and therefore deny them.

34. Answering Counterclaim-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore deny them.

35. Answering Counterclaim-Defendants deny that Counterclaim-Plaintiffs have complied with 35 U.S.C. § 287. Answering Counterclaim-Defendants specifically deny that

merely requiring a licensee to mark establishes compliance with § 287 and demand strict proof that Counterclaim-Plaintiffs and their authorized licensees making, offering for sale, selling, or importing articles practicing any Counterclaim Patent substantially and consistently complied with the applicable physical- or virtual-marking requirements. Answering Counterclaim-Defendants further deny that Counterclaim-Plaintiffs provided Atrius legally sufficient actual notice of any alleged infringement before the filing of this action. Except as expressly admitted, Answering Counterclaim-Defendants deny the allegations in Paragraph 35.

36. Answering Counterclaim-Defendants deny the allegations in Paragraph 36.

## THE INVENTIONS

37. Answering Counterclaim-Defendants admit that a typical AR-15-pattern firearm may be considered a semiautomatic firearm and that, in general terms, standard AR-pattern fire control groups include a hammer, trigger member, and disconnector that operate substantially as described in Paragraph 37. Answering Counterclaim-Defendants deny the remaining allegations in Paragraph 37 to the extent they purport to characterize technical operation, purported novelty of Counterclaim-Plaintiffs' patents, and legal conclusions, or implication of infringement.

38. Answering Counterclaim-Defendants admit that, in a standard AR-pattern fire control group, a disconnector typically retains the hammer in a cocked position until the trigger member is reset and that semiautomatic operation requires a separate trigger pull for each shot and prevents hammer follow. Answering Counterclaim-Defendants deny the remaining allegations in Paragraph 38 to the extent they purport to characterize technical operation, purported novelty of Counterclaim-Plaintiffs' patents, and legal conclusions, or implication of infringement.

39. Answering Counterclaim-Defendants admit that some trigger mechanisms utilize the cycling bolt carrier to cause or assist the trigger member in moving toward a reset position, and that such mechanisms were known in the art prior to the Counterclaim Patents. Answering

Counterclaim-Defendants deny the remaining allegations in Paragraph 39 to the extent they purport to characterize technical operation, purported novelty of Counterclaim-Plaintiffs' patents, and legal conclusions, or implication of infringement.

40. Answering Counterclaim-Defendants admit that the '247 and '159 Patents purport to disclose certain trigger-related mechanisms for semiautomatic firearms. Answering Counterclaim-Defendants deny the remaining allegations in Paragraph 40 to the extent they characterize the novelty, scope, operation, or legal effect of those patents beyond the express language of the patents, which speak for themselves.

41. Answering Counterclaim-Defendants admit that the '784 Patent purports to disclose certain trigger-related mechanisms for semiautomatic firearms. Answering Counterclaim-Defendants deny the remaining allegations in Paragraph 41 to the extent they characterize the novelty, scope, operation, or legal effect of the '784 Patent beyond the express language of the patent, which speaks for itself.

42. Answering Counterclaim-Defendants admit that the '403 Patent purports to disclose and claim certain trigger-related mechanisms. Answering Counterclaim-Defendants deny the remaining allegations in Paragraph 42 to the extent they characterize the novelty, scope, operation, or legal effect of those patents beyond their express language, which speaks for itself.

43. Answering Counterclaim-Defendants admit that patent claims define the scope of the inventions claimed in a patent. Answering Counterclaim-Defendants deny any allegation that any claim of any Counterclaim Patent is valid, enforceable, or infringed and deny any remaining allegations in Paragraph 43.

**THE INFRINGING DEVICES**

44. Paragraph 44 incorporates preceding allegations and requires no separate response. To the extent a response is required, Answering Counterclaim-Defendants refer to their responses to the preceding paragraphs and deny any remaining allegations in Paragraph 44.

45. Answering Counterclaim-Defendants admit that Atrius has sold or offered for sale the Atrius Forced Reset Selector ("Atrius FRS"). Answering Counterclaim-Defendants deny that any such product infringes any valid and enforceable claim of the '247, '784, '159, or '403 Patents and deny any remaining allegations in Paragraph 45.

46. Answering Counterclaim-Defendants admit that Paragraph 46 purports to include images from Atrius's website. Answering Counterclaim-Defendants deny any allegation that the images establish infringement or any other liability and deny any remaining allegations in Paragraph 46.

47. Answering Counterclaim-Defendants admit that the Atrius FRS product can switch between SAFE, SEMI (Traditional), and FULL-SEMI modes. Answering Counterclaim-Defendants deny any allegation that this establishes infringement or any other liability and deny any remaining allegations in Paragraph 47.

48. Answering Counterclaim-Defendants admit that Paragraph 33 purports to include an image from Atrius's website. Answering Counterclaim-Defendants deny any allegation that the image establishes infringement or any other liability and deny any remaining allegations in Paragraph 48.

**THE INDIVIDUAL COUNTERCLAIM DEFENDANTS' PERSONAL PARTICIPATION IN THE INFRINGING CONDUCT**

49. Paragraph 49 incorporates preceding allegations and requires no separate response. To the extent a response is required, Answering Counterclaim-Defendants refer to their responses to the preceding paragraphs and deny any remaining allegations in Paragraph 49.

50. Answering Counterclaim-Defendants admit that Messrs. Brown and Spadafore are founders of Atrius and that Mr. Spadafore is Atrius's CEO. Answering Counterclaim-Defendants state that the cited videos speak for themselves and deny Counterclaim-Plaintiffs' characterization of them. Answering Counterclaim-Defendants deny any remaining allegations in Paragraph 50.

51. Answering Counterclaim-Defendants admit that Messrs. Brown and Spadafore participated, on behalf of Atrius and within the scope of their roles with Atrius, in developing the Atrius FRS. Answering Counterclaim-Defendants state that the cited video speaks for itself and deny Counterclaim-Plaintiffs' characterization of it. Answering Counterclaim-Defendants admit that the Atrius FRS is a drop-in safety selector switch for AR-15-pattern rifles. Answering Counterclaim-Defendants deny that designing or developing a product is itself an act of infringement under 35 U.S.C. § 271(s), deny that the Atrius FRS infringes any valid and enforceable claim, and deny the remaining allegations in Paragraph 51.

52. Answering Counterclaim-Defendants state that the referenced video speaks for itself and deny Counterclaim-Plaintiffs' characterization of it. Answering Counterclaim-Defendants deny that Atrius makes, uses, offers for sale, or sells any infringing device, and deny the remaining allegations in Paragraph 52.

53. Answering Counterclaim-Defendants state that the referenced video speaks for itself and deny Counterclaim-Plaintiffs' characterization of it. Answering Counterclaim-

Defendants deny the remaining allegations in Paragraph 53 and any implications that such conduct infringes any valid and enforceable claim of the Counterclaim Patents.

54. Answering Counterclaim-Defendants state that the referenced video speaks for itself and deny Counterclaim-Plaintiffs' characterization of it. Answering Counterclaim-Defendants deny that the video establishes infringement, induced infringement, or any other liability, and deny any remaining allegations in Paragraph 54.

55. Paragraph 55 is directed principally to Counterclaim-Defendant Grant Shaw, who does not join this Answer and is responding separately. Answering Counterclaim-Defendants admit that portions of the referenced video were filmed in Austin, Texas. Answering Counterclaim-Defendants state that the referenced video speaks for itself and deny that Mr. Shaw's alleged ownership of a shooting range establishes infringement, induced infringement, or any other liability, and deny any remaining allegations in Paragraph 55.

56. Answering Counterclaim-Defendants admit that Messrs. Brown and Spadafore used the Atrius FRS in Texas. Answering Counterclaim-Defendants deny that Messrs. Brown and Spadafore infringed any valid and enforceable claim of any Counterclaim Patent in Texas or elsewhere. Answering Counterclaim-Defendants deny that a single appearance in a promotional video established liability for infringement, and deny the remaining allegations in Paragraph 56.

57. Answering Counterclaim-Defendants admit that certain of Atrius's business operations services were abruptly terminated in or around July 2025. Answering Counterclaim-Defendants admit that Mr. Spadafore was involved in restoring Atrius's payment processing platform and online checkout system. Answering Counterclaim-Defendants deny that Mr. Spadafore, in his individual capacity, offered for sale or sold the Atrius FRS, that the Atrius

FRS product infringes and valid and enforceable claim, that Mr. Spadafore's actions constitute an independent act of infringement, and deny all remaining allegations in Paragraph 57.

58. Answering Counterclaim-Defendants admit that on or about January 5, 2026, Mr. Spadafore announced that Orion Wholesale would serve as a distributor of the Atrius FRS. Answering Counterclaim-Defendants admit that Orion Wholesale is a defendant in the MDL case and that Counterclaim-Plaintiffs sued Orion Wholesale on or about February 4, 2026. Answering Counterclaim-Defendants deny all remaining allegations in Paragraph 58, including any implication that Mr. Spadafore's announcement of Orion's distributorship supports any individual determination of patent infringement.

59. Answering Counterclaim-Defendants admit that on January 30, 2026, Atrius issued a press release acknowledging the series of lawsuits filed by Counterclaim-Plaintiffs against Atrius's customers and dealers. Answering Counterclaim-Defendants admit that Atrius's CEO, Mr. Spadafore, was quoted in that press release. Answering Counterclaim-Defendants state that the text of the press release speaks for itself, have attached a screenshot of that press release for the Court's convenience, and deny Counterclaim-Plaintiffs' characterization of the press release. Answering Counterclaim-Defendants specifically deny the following: (a) that the statement acknowledged that any valid and enforceable claim is infringed; (b) that Atrius knew that any induced act constituted infringement; (c) that Atrius possessed the specific intent required for inducement; and (d) that Mr. Spadafore made the statement in his individual capacity. Answering Counterclaim-Defendants deny the remaining allegations in Paragraph 59 and any implication that the press release supports direct infringement, induced infringement, contributory infringement, or any other liability against Answering Counterclaim-Defendants.

ATRIUS DEVELOPMENT GROUP

**FOR IMMEDIATE RELEASE — STATEMENT ON RARE BREED PATENT ALLEGATIONS**

January 30, 2026

Atrius Development Group issues the following statement to its distributors and retail partners regarding the frivolous patent assertions made by Rare Breed against the Second Amendment community.

Prior to bringing the Atrius products to market, Atrius has opinions from numerous large patent law firms that Atrius products do **not** infringe on any existing patents.

"*Atrius Development Group stands behind its products and will support our distribution and retail partners whose Second Amendment rights are being violated via patent litigation by Rare Breed*," said Ryan Spadafore, CEO of Atrius Development Group.

"*The false and frivolous Rare Breed claims have been evaluated and will be addressed directly in the appropriate forum. We believe the bullying tactics of Rare Breed are dishonorable and an insult to the Second Amendment community.*"

Rare Breed has made allegations concerning our Atrius products and has chosen the cowardly action of opening/threatening litigation against those in our dealer network in an attempt to destabilize what the Super Safety Community has built in the wake of Rare Breed bending the knee to the ATF. They prefer to feed their greed and use unethical lawfare against individuals like Tim Hoffman, of Hoffman Tactical, all while claiming benevolence and altruism.

**Atrius Development Group is the backstop to these actions.**

Atrius Development Group encourages any distributor or retailer in receipt of frivolous claims from Rare Breed relating to Atrius products to promptly notify Atrius leadership so the company can coordinate an appropriate response and provide immediate support. Atrius remains confident in its legal position and in the continued supply and availability of its products. We will continue to fight for the expanded access of parts and accessories that advance the Second Amendment, no matter what forces stand in our way.

**More power to the Dealers. Together we win.**

*Stay Blessed,*

*TEAM ATRIUS*

60. Answering Counterclaim-Defendants admit that Mr. Spadafore appeared on a podcast episode on or about March 2026. Answering Counterclaim-Defendants admit that Mr. Spadafore discussed certain aspects about the Atrius FRS's operation and encouraged listeners to purchase the Atrius FRS. Answering Counterclaim-Defendants deny all remaining allegations in Paragraph 60 and any implication or characterization that this podcast episode supports Counterclaim-Plaintiffs' allegations of direct infringement, induced infringement, contributory infringement, or any other liability against Answering Counterclaim-Defendants.

61. Answering Counterclaim-Defendants admit that Mr. Brown appears in a video posted on YouTube that addresses installation of the Atrius FRS. Answering Counterclaim-Defendants state that the video speaks for itself and deny Counterclaim-Plaintiffs' characterization of it. Answering Counterclaim-Defendants deny the remaining allegations in Paragraph 61.

62. Answering Counterclaim-Defendants deny all allegations in Paragraph 62.

63. Answering Counterclaim-Defendants admit that One Horse—another defendant in this MDL—sells a rifle that incorporates the Atrius FRS. Answering Counterclaim-Defendants admit that Mr. Spadafore appears in the cited YouTube video. Answering Counterclaim-Defendants state that the cited video speaks for itself and deny Counterclaim-Plaintiffs' characterization of it. Answering Counterclaim-Defendants deny any remaining allegation in Paragraph 63 including that the One Horse product infringes any valid and enforceable claim of the Counterclaim Patents and that Mr. Spadafore's appearance in the cited video induces and contributes to any infringement.

64. Answering Counterclaim-Defendants admit that on June 1, 2026, Atrius announced its "Together We Win" initiative, donating a portion of Atrius's June 2026 proceeds to the Second Amendment Foundation. Answering Counterclaim-Defendants admit that the press release quotes

Atrius's CEO, Mr. Spadafore. Answering Counterclaim-Defendants admit that the press release lists an Austin, Texas location marker. Answering Counterclaim-Defendants deny that Atrius or Mr. Spadafore directed any infringing activity and deny the remaining allegations in Paragraph 64.

65. Paragraph 65 is directed at Mr. Shaw, who does not join this Answer. To the extent a response is required, Answering Counterclaim-Defendants admit only that Mr. Shaw is one of Atrius's directors. Answering Counterclaim-Defendants deny the remaining allegations in Paragraph 65. No response is made on behalf of Mr. Shaw.

66. Answering Counterclaim-Defendants deny the allegations in Paragraph 66.

## COUNTERCLAIM DEFENDANTS' RELATIONSHIP WITH BIG DADDY AND THE NOVEMBER 8, 2021 PATENT LICENSE AGREEMENT

67. The allegations in Paragraph 67 concern Atrius's alleged relationship with non-parties Anthony McKnight, Big Daddy Unlimited, Inc. ("BDU"), and Performance Triggers ("PT"). Answering Counterclaim-Defendants deny that the allegations establish infringement, knowledge of infringement, willfulness, inducement, individual liability, or any other basis for relief. These allegations are irrelevant to whether the Atrius FRS infringes any valid and enforceable claim of the Counterclaim Patents, and thus no response is required. To the extent a response is required, Answering Counterclaim-Defendants admit that Atrius previously had business dealings with McKnight, BDU, and PT. Answering Counterclaim-Defendants deny that McKnight, BDU, or PT exercised control over Atrius's business operations, and deny that they originated, funded, or brought the accused Atrius FRS to market. Answering Counterclaim-Defendants deny all remaining allegations in Paragraph 34.

68. The allegations in Paragraph 68 concern a Patent License Agreement between Atrius and BDU (the "License"), which concerned technology developed by Atrius relating to assisted-reset triggers covered by a then-pending patent application. Answering Counterclaim-

Defendants deny that the License concerned "forced reset triggers" in the sense alleged by Counterclaim-Plaintiffs. Answering Counterclaim-Defendants further deny that the License has any relation to the Atrius FRS, the sole product accused of infringing the Counterclaim Patents. Thus, the License has no relevance to the present dispute. Answering Counterclaim-Defendants deny the remaining allegations in Paragraph 68 to the extent they characterize the scope, rights, obligations, or legal effect of the License beyond the express language of the License, which speaks for itself. Answering Counterclaim-Defendants further deny all implications or characterizations regarding liability for infringement of the Counterclaim Patents that one may make based on the allegations contained in Paragraph 68.

69. The allegations in Paragraph 69 concern purported terms of the License, which are irrelevant to the present action, and thus no response is required. To the extent a response is required, Answering Counterclaim-Defendants deny Counterclaim-Plaintiffs' characterization of the License and deny that it transferred rights in or relates to the accused Atrius FRS. Answering Counterclaim-Defendants deny all remaining allegations in Paragraph 69.

70. The allegations in Paragraph 70 concern purported payment terms of the License and subsequent business dealings purportedly related to the License. The License and Atrius's prior business dealings with McKnight, BDU, and/or PT are irrelevant to the present action, and thus no response is required. To the extent a response is required, Answering Counterclaim-Defendants deny Counterclaim-Plaintiffs' characterization of the License and deny that it transferred rights in or relates to the accused Atrius FRS. Answering Counterclaim-Defendants deny all remaining allegations in Paragraph 70.

71. The allegations in Paragraph 71 concern purported terms of the License, which are irrelevant to the present action, and thus no response is required. To the extent a response is

required, Answering Counterclaim-Defendants deny Counterclaim-Plaintiffs' characterization of the License and deny that it transferred rights in or relates to the accused Atrius FRS. Answering Counterclaim-Defendants deny all remaining allegations in Paragraph 71.

72. The allegations in Paragraph 72 concern purported duration and renewal terms of the License and supposed performance under the License, which are irrelevant to the present action, and thus no response is required. To the extent a response is required, Answering Counterclaim-Defendants deny Counterclaim-Plaintiffs' characterization of the License and deny that it transferred rights in or relates to the accused Atrius FRS. Answering Counterclaim-Defendants deny all remaining allegations in Paragraph 72.

73. The allegations in Paragraph 73 contain legal conclusions to which no response is required. Further, the allegations in Paragraph 73 concern purported terms and effect of the License, which are irrelevant to the present action, and thus no response is required. To the extent a response is required, Answering Counterclaim-Defendants deny Counterclaim-Plaintiffs' characterization of the License and deny that it transferred rights in or relates to the accused Atrius FRS. Answering Counterclaim-Defendants deny all remaining allegations in Paragraph 40.

74. The allegations in Paragraph 74 concern purported funding and development of technology related to the License, which is irrelevant to the present action, and thus no response is required. To the extent a response is required, Answering Counterclaim-Defendants deny the allegations of Paragraph 74.

75. The allegations in Paragraph 75 concern Atrius's business dealings with non-party McKnight and products other than the Atrius FRS, the sole product accused of infringing the Counterclaim Patents. These allegations are irrelevant to the present action; thus, no response is

required. To the extent a response is required, Answering Counterclaim-Defendants deny the allegations of Paragraph 75.

76. The allegations in Paragraph 76 concern the ART product, not the Atrius FRS. Answering Counterclaim-Defendants maintain that these allegations are irrelevant to the present action, and thus no response is required. To the extent a response is required, Answering Counterclaim-Defendants deny the allegations in Paragraph 76. Answering Counterclaim-Defendants specifically deny any allegation that Atrius "smuggled" manufactured ARTs (or any product) into the United States from China, that it has violated any statutes, rules, regulations, or orders promulgated by the Department of Homeland Security, Customs and Border Protection, or any other federal, state, or local government agency or regulatory body. Answering Counterclaim-Defendants deny any remaining allegations in Paragraph 76.

77. The allegations in Paragraph 77 concern purported conduct by non-party McKnight that is irrelevant to the present action; thus, no response is required. To the extent a response is required, Answering Counterclaim-Defendants deny the allegations in Paragraph 77.

78. The allegations in Paragraph 78 concern purported conduct by non-party McKnight that is irrelevant to the present action; thus, no response is required. To the extent a response is required, Answering Counterclaim-Defendants deny the allegations of Paragraph 78. Further, Answering Counterclaim-Defendants specifically deny that the Atrius FRS is a "forced-reset trigger" as Counterclaim-Plaintiffs use that term.

79. The allegations in Paragraph 79 concern a purported Confidential Settlement Agreement (the "Settlement Agreement") signed by non-party McKnight and his companies. The Settlement Agreement is irrelevant to the present action; thus, no response is required. To the extent a response is required, Answering Counterclaim-Defendants admit that Atrius was aware

of Rare Breed's prior litigation against McKnight and his companies and that those parties settled that litigation. Answering Counterclaim-Defendants deny that Atrius or Mr. Brown knew, were informed of, were made aware of, or otherwise were on notice of the specific terms of the Settlement Agreement before being sued by Counterclaim-Plaintiffs. Answering Counterclaim-Defendants deny any remaining allegation in Paragraph 79 and further deny all implications or characterizations regarding liability for infringement of the Counterclaim Patents that one may make based on the allegations contained in Paragraph 79.

80. The allegations in Paragraph 80 concern purported business dealings between Atrius and non-parties McKnight and BDU. These allegations do not concern the counterclaims currently asserted against Atrius (*i.e.*, whether the Atrius FRS infringes any valid and enforceable claim of the Counterclaim Patents), and thus no response is required. To the extent a response is required, Answering Counterclaim-Defendants deny the allegations in Paragraph 80.

81. The allegations in Paragraph 81 contain legal conclusions to which no response is required. To the extent a response is required, Answering Counterclaim-Defendants deny the allegations contained in Paragraph 81.

## COUNTERCLAIM COUNT I – INFRINGEMENT OF THE '247 PATENT

82. Paragraph 82 incorporates preceding allegations and requires no separate response. To the extent a response is required, Answering Counterclaim-Defendants refer to their responses to the preceding paragraphs and deny any remaining allegations in Paragraph 82.

83. Answering Counterclaim-Defendants deny the allegations in Paragraph 83.

84. Answering Counterclaim-Defendants deny the allegations in Paragraph 83.

85. Answering Counterclaim-Defendants deny that the referenced claim chart accurately compares the Atrius FRS to claim 15 of the '247 Patent. Answering Counterclaim-Defendants specifically deny that the Atrius FRS, when assembled and used as intended, meets

each and every limitation of claim 15, whether literally or under the doctrine of equivalents, deny that any images or annotations in the chart establish infringement, and deny any remaining allegations in Paragraph 85.

86. Answering Counterclaim-Defendants admit that Paragraph 86 purports to include images from Atrius's website. Answering Counterclaim-Defendants deny any allegation that the images establish infringement, induced infringement, contributory infringement, or any other liability and deny any remaining allegations in Paragraph 86.

87. Answering Counterclaim-Defendants admit that Paragraph 87 purports to include an image from a video Atrius posted on the internet. Answering Counterclaim-Defendants deny any allegation that the image or video establishes infringement, induced infringement, or any other liability and deny any remaining allegations in Paragraph 87.

88. Answering Counterclaim-Defendants admit that Paragraph 88 purports to include images from Atrius's website. Answering Counterclaim-Defendants deny any allegation that the images establish infringement, induced infringement, contributory infringement, or any other liability and deny any remaining allegations in Paragraph 88.

89. Answering Counterclaim-Defendants admit that Paragraph 89 purports to include images from Atrius's website. Answering Counterclaim-Defendants deny any allegation that the images establish infringement, induced infringement, contributory infringement, or any other liability and deny any remaining allegations in Paragraph 89.

90. Answering Counterclaim-Defendants deny the allegations in Paragraph 90.

91. Answering Counterclaim-Defendants deny the allegations of Paragraph 91.

92. Answering Counterclaim-Defendants admit that Paragraph 92 purports to include images from Atrius's website. Answering Counterclaim-Defendants deny any allegation that the

images establish infringement, induced infringement, contributory infringement, or any other liability and deny any remaining allegations in Paragraph 92.

93. The allegations in Paragraph 93 contain legal conclusions to which no response is required. Further, the allegations in Paragraph 93 concern purported business dealings between Atrius and non-parties to this litigation. To the extent a response is required, Answering Counterclaim-Defendants deny the allegations of Paragraph 93.

94. Answering Counterclaim-Defendants deny the allegations of Paragraph 94.

95. Answering Counterclaim-Defendants deny the allegations of Paragraph 95.

96. Answering Counterclaim-Defendants deny the allegations of Paragraph 96.

97. Answering Counterclaim-Defendants deny the allegations of Paragraph 97.

98. Answering Counterclaim-Defendants deny the allegations of Paragraph 98.

99. Answering Counterclaim-Defendants deny the allegations of Paragraph 99.

**COUNTERCLAIM COUNT II – INFRINGEMENT OF THE ’784 PATENT**

100. Paragraph 100 incorporates preceding allegations and requires no separate response. To the extent a response is required, Answering Counterclaim-Defendants refer to their responses to the preceding paragraphs and deny any remaining allegations in Paragraph 100.

101. Answering Counterclaim-Defendants deny the allegations in Paragraph 101.

102. Answering Counterclaim-Defendants deny the allegations in Paragraph 102.

103. Answering Counterclaim-Defendants deny that the referenced claim chart accurately compares the Atrius FRS to claim 1 of the ’784 Patent. Answering Counterclaim-Defendants specifically deny that the Atrius FRS, when assembled and used as intended, meets each and every limitation of claim 1, whether literally or under the doctrine of equivalents, deny that any images or annotations in the chart establish infringement, and deny any remaining allegations in Paragraph 103.

104. Answering Counterclaim-Defendants admit that Paragraph 104 purports to include images from Atrius's website. Answering Counterclaim-Defendants deny any allegation that the images establish infringement, induced infringement, contributory infringement, or any other liability and deny any remaining allegations in Paragraph 104.

105. Answering Counterclaim-Defendants admit that Paragraph 105 purports to include an image from a video Atrius posted on the internet. Answering Counterclaim-Defendants deny any allegation that the image or video establishes infringement, induced infringement, or any other liability and deny any remaining allegations in Paragraph 105.

106. Answering Counterclaim-Defendants admit that Paragraph 106 purports to include images from Atrius's website. Answering Counterclaim-Defendants deny any allegation that the images establish infringement, induced infringement, contributory infringement, or any other liability and deny any remaining allegations in Paragraph 106.

107. Answering Counterclaim-Defendants admit that Paragraph 107 purports to include images from Atrius's website. Answering Counterclaim-Defendants deny any allegation that the images establish infringement, induced infringement, contributory infringement, or any other liability and deny any remaining allegations in Paragraph 107.

108. Answering Counterclaim-Defendants deny the allegations in Paragraph 108.

109. Answering Counterclaim-Defendants deny the allegations of Paragraph 109.

110. Answering Counterclaim-Defendants admit that Paragraph 110 purports to include images from Atrius's website. Answering Counterclaim-Defendants deny any allegation that the images establish infringement, induced infringement, contributory infringement, or any other liability and deny any remaining allegations in Paragraph 110.

111. The allegations in Paragraph 111 contain legal conclusions to which no response is required. Further, the allegations in Paragraph 111 concern purported business dealings between Atrius and non-parties to this litigation. To the extent a response is required, Answering Counterclaim-Defendants deny the allegations of Paragraph 111.

112. Answering Counterclaim-Defendants deny the allegations of Paragraph 112.

113. Answering Counterclaim-Defendants deny the allegations of Paragraph 113.

114. Answering Counterclaim-Defendants deny the allegations of Paragraph 114.

115. Answering Counterclaim-Defendants deny the allegations of Paragraph 115.

116. Answering Counterclaim-Defendants deny the allegations of Paragraph 116.

117. Answering Counterclaim-Defendants deny the allegations of Paragraph 117.

## COUNTERCLAIM COUNT III – INFRINGEMENT OF THE ’159 PATENT

118. Paragraph 118 incorporates preceding allegations and requires no separate response. To the extent a response is required, Answering Counterclaim-Defendants refer to their responses to the preceding paragraphs and deny any remaining allegations in Paragraph 118.

119. Answering Counterclaim-Defendants deny the allegations in Paragraph 119.

120. Answering Counterclaim-Defendants deny the allegations in Paragraph 120.

121. Answering Counterclaim-Defendants deny that the referenced claim chart accurately compares the Atrius FRS to claim 1 of the ’159 Patent. Answering Counterclaim-Defendants specifically deny that the Atrius FRS, when assembled and used as intended, meets each and every limitation of claim 1, whether literally or under the doctrine of equivalents, deny that any images or annotations in the chart establish infringement, and deny any remaining allegations in Paragraph 121.

122. Answering Counterclaim-Defendants admit that Paragraph 122 purports to include images from Atrius’s website. Answering Counterclaim-Defendants deny any allegation that the

images establish infringement, induced infringement, contributory infringement, or any other liability and deny any remaining allegations in Paragraph 122.

123. Answering Counterclaim-Defendants admit that Paragraph 123 purports to include an image from a video Atrius posted on the internet. Answering Counterclaim-Defendants deny any allegation that the image or video establishes infringement, induced infringement, or any other liability and deny any remaining allegations in Paragraph 123.

124. Answering Counterclaim-Defendants admit that Paragraph 124 purports to include images from Atrius's website. Answering Counterclaim-Defendants deny any allegation that the images establish infringement, induced infringement, contributory infringement, or any other liability and deny any remaining allegations in Paragraph 124.

125. Answering Counterclaim-Defendants admit that Paragraph 125 purports to include images from Atrius's website. Answering Counterclaim-Defendants deny any allegation that the images establish infringement, induced infringement, contributory infringement, or any other liability and deny any remaining allegations in Paragraph 125.

126. Answering Counterclaim-Defendants deny the allegations in Paragraph 126.

127. Answering Counterclaim-Defendants deny the allegations of Paragraph 127.

128. Answering Counterclaim-Defendants admit that Paragraph 128 purports to include images from Atrius's website. Answering Counterclaim-Defendants deny any allegation that the images establish infringement, induced infringement, contributory infringement, or any other liability and deny any remaining allegations in Paragraph 128.

129. Answering Counterclaim-Defendants deny the allegations of Paragraph 129.

130. Answering Counterclaim-Defendants deny the allegations of Paragraph 130.

131. Answering Counterclaim-Defendants deny the allegations of Paragraph 131.

132. Answering Counterclaim-Defendants deny the allegations of Paragraph 132.

133. Answering Counterclaim-Defendants deny the allegations of Paragraph 133.

134. Answering Counterclaim-Defendants deny the allegations of Paragraph 134.

135. Answering Counterclaim-Defendants deny the allegations of Paragraph 135.

**COUNTERCLAIM COUNT IV – INFRINGEMENT OF THE ’403 PATENT**

136. Paragraph 136 incorporates preceding allegations and requires no separate response. To the extent a response is required, Answering Counterclaim-Defendants refer to their responses to the preceding paragraphs and deny any remaining allegations in Paragraph 136.

137. Answering Counterclaim-Defendants deny the allegations in Paragraph 137.

138. Answering Counterclaim-Defendants deny the allegations in Paragraph 138.

139. Answering Counterclaim-Defendants deny that the referenced claim chart accurately compares the Atrius FRS to claim 38 of the ’403 Patent. Answering Counterclaim-Defendants specifically deny that the Atrius FRS, when assembled and used as intended, meets each and every limitation of claim 38, whether literally or under the doctrine of equivalents, deny that any images or annotations in the chart establish infringement, and deny any remaining allegations in Paragraph 139.

140. Answering Counterclaim-Defendants admit that Paragraph 140 purports to include images from Atrius’s website. Answering Counterclaim-Defendants deny any allegation that the images establish infringement, induced infringement, contributory infringement, or any other liability and deny any remaining allegations in Paragraph 140.

141. Answering Counterclaim-Defendants admit that Paragraph 141 purports to include an image from a video Atrius posted on the internet. Answering Counterclaim-Defendants deny any allegation that the image or video establishes infringement, induced infringement, or any other liability and deny any remaining allegations in Paragraph 141.

142. Answering Counterclaim-Defendants admit that Paragraph 142 purports to include images from Atrius's website. Answering Counterclaim-Defendants deny any allegation that the images establish infringement, induced infringement, contributory infringement, or any other liability and deny any remaining allegations in Paragraph 142.

143. Answering Counterclaim-Defendants admit that Paragraph 143 purports to include images from Atrius's website. Answering Counterclaim-Defendants deny any allegation that the images establish infringement, induced infringement, contributory infringement, or any other liability and deny any remaining allegations in Paragraph 143.

144. Answering Counterclaim-Defendants deny the allegations in Paragraph 144.

145. Answering Counterclaim-Defendants deny the allegations of Paragraph 145.

146. Answering Counterclaim-Defendants admit that Paragraph 146 purports to include images from Atrius's website. Answering Counterclaim-Defendants deny any allegation that the images establish infringement, induced infringement, contributory infringement, or any other liability and deny any remaining allegations in Paragraph 146.

147. Answering Counterclaim-Defendants deny the allegations of Paragraph 147.

148. Answering Counterclaim-Defendants deny the allegations of Paragraph 148.

149. Answering Counterclaim-Defendants deny the allegations of Paragraph 149.

150. Answering Counterclaim-Defendants deny the allegations of Paragraph 150.

151. Answering Counterclaim-Defendants deny the allegations of Paragraph 151.

152. Answering Counterclaim-Defendants deny the allegations of Paragraph 152.

153. Answering Counterclaim-Defendants deny the allegations of Paragraph 153.

## RESPONSE TO COUNTERCLAIM-PLAINTIFFS' PRAYER FOR RELIEF

No response to the prayer for relief is required. To the extent a response is required, Answering Counterclaim-Defendants deny that Counterclaim-Plaintiffs are entitled to any relief

against Answering Counterclaim-Defendants and request that judgment be entered in Counterclaim-Defendants favor, that Counterclaim-Plaintiffs take nothing on their claims, and that all requested relief be denied.

## DEMAND FOR JURY TRIAL

No response to the demand for jury trial is required. To the extent a response is required, Answering Counterclaim-Defendants deny that Counterclaim-Plaintiffs have any cognizable claim that merits resolution by a jury. Answering Counterclaim-Defendants demand a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Answering Counterclaim-Defendants assert the following defenses without assuming any burden of pleading or proof that would otherwise rest with Counterclaim-Plaintiffs and without admitting that any defense identified below is properly characterized as an affirmative defense. Answering Counterclaim-Defendants reserve the right to amend this Answer and their defenses as additional information becomes known through investigation, discovery, claim construction, expert analysis, or other proceedings.

## FIRST DEFENSE – FAILURE TO STATE A CLAIM

The Counterclaims fail to state a claim upon which relief can be granted.

## SECOND DEFENSE – LACK OF PERSONAL JURISDICTION AND VENUE (BROWN AND SPADAFORE)

The Court lacks personal jurisdiction over Messrs. Brown and Spadafore. Mr. Brown resides in California and Mr. Spadafore resides in Idaho, and neither owns property in Texas. Neither has purposefully directed activities at Texas residents from which the Counterclaims arise or to which they relate. Any contacts alleged in the Amended Counterclaims are either corporate contacts of Atrius, conduct directed at a national rather than a Texas market, or isolated contacts

that do not satisfy due process. Messrs. Brown and Spadafore have not consented to jurisdiction by virtue of Atrius's filing of its declaratory-judgment actions. They expressly preserve this defense under Fed. R. Civ. P. 12(h)(1), and by answering do not waive it.

**THIRD DEFENSE – IMPROPER VENUE (BROWN AND SPADAFORE)**

Venus is improper as to Messrs. Brown and Spadafore under 28 U.S.C. § 1400(b). Neither resides in Texas, and neither has a regular and established place of business in this District or in the Western District of Texas. Atrius's Texas incorporation and commencement of its declaratory-judgment actions does not establish venue over Messrs. Brown or Spadafore individually. Messrs. Brown and Spadafore expressly preserve this defense under Fed. R. Civ. P. 12(h)(1), and by answering do not waive it, including for purposes of any remand or trial following consolidated pretrial proceedings in MDL No. 3176.

**THIRD DEFENSE – NO INDIVIDUAL LIABILITY**

Messrs. Brown and Spadafore are not personally liable for any alleged infringement. Neither personally made, used, sold, offered for sale, or imported any infringing product. Neither knowingly induced, with specific intent, any act of direct infringement. Neither contributed to any infringement within the meaning of 35 U.S.C. § 271(c). To the extent either acted, he acted within the scope of his role with Atrius and without the knowledge and intent required for individual liability.

**FOURTH DEFENSE – NON-INFRINGEMENT OF THE COUNTERCLAIM PATENTS**

Answering Counterclaim-Defendants have not infringed and do not infringe any valid, enforceable claim of any Counterclaim Patent under any theory, including literally, under the doctrine of equivalents, directly, contributorily, by inducement, willfully, or otherwise.

**FIFTH DEFENSE – INVALIDITY OF THE COUNTERCLAIM PATENTS**

The asserted claims of the Counterclaim Patents are invalid for failure to comply with one or more requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, as further alleged in Atrius's declaratory-judgment claims.

**SIXTH DEFENSE – PROSECUTION HISTORY ESTOPPEL AND DISCLAIMER**

Counterclaim-Plaintiffs are estopped from construing any valid claim of the Counterclaim Patents to cover or include, either literally or under the doctrine of equivalents, any accused product in view of statements, amendments, arguments, admissions, disclaimers, and/or representations made to the United States Patent and Trademark Office during prosecution of the applications leading to the issuance of the Counterclaim Patents.

**SEVENTH DEFENSE – LACK OF ACTUAL NOTICE; LIMITATION ON PATENT DAMAGES**

To the extent Counterclaim-Plaintiffs, their predecessors, assignees, licensees, or other authorized persons making, offering for sale, selling, or importing articles practicing any Counterclaim Patent failed substantially and consistently to mark those articles in compliance with 35 U.S.C. § 287(a), Counterclaim-Plaintiffs may not recover damages for alleged infringement occurring before Atrius received legally sufficient actual notice of a specific charge of infringement concerning a specific Counterclaim Patent and accused product.

On information and belief, during one or more relevant periods, Counterclaim-Plaintiffs and/or their licensees have made, offered for sale, sold, or imported tangible products that Counterclaim-Plaintiffs contend embody one or more Counterclaim Patents without substantially and consistently marking those products in compliance with § 287(a), including FRT-15L3, FRT-MR3, FRT-15C3, FRT-SG3, and FRT-RD3. Merely imposing a contractual marking requirement upon a licensee does not establish actual marking compliance or reasonable efforts to

ensure compliance. Once Counterclaim-Defendants identify specific unmarked articles reasonably believed to practice a Counterclaim Patent, Counterclaim-Plaintiffs bear the burden of proving that those articles do not practice the patent or that marking substantially complied with § 287(a). Answering Counterclaim-Defendants further deny that, before the filing of these Counterclaims, Counterclaim-Plaintiffs affirmatively communicated to Atrius a specific charge that a particular Atrius product infringed a particular Counterclaim Patent. Mere knowledge of a patent, or accusations directed only to third parties, did not constitute actual notice to Atrius under § 287(a). Answering Counterclaim-Defendants reserve the right to assert this defense on a patent-by-patent basis as discovery develops.

**EIGHTH DEFENSE – EQUITABLE DEFENSES**

Counterclaim-Plaintiffs' claims for equitable relief are barred or limited by waiver, equitable estoppel, acquiescence, and/or unclean hands. Laches is asserted only to the extent legally available and not to bar patent damages incurred within the period prescribed by 35 U.S.C. § 286. Intervening rights are asserted only to the extent an asserted claim was substantively amended or newly issued through a proceeding giving rise to such rights.

**NINTH DEFENSE – NO EXCEPTIONAL CASE OR ATTORNEYS' FEES FOR COUNTERCLAIM-PLAINTIFFS' CLAIMS**

Counterclaim-Plaintiffs' claims are not subject to an exceptional case finding under 35 U.S.C. § 285, and Counterclaim-Plaintiffs are not entitled to their costs, attorneys' fees, or enhanced monetary relief.

**TENTH DEFENSE – LICENSE, EXHAUSTION, AND NO DOUBLE RECOVERY**

Counterclaim-Plaintiffs' claims for patent infringement are precluded in whole or in part to the extent any accused products are imported by, sold by or to, offered for sale by, made by, made for, or otherwise supplied directly or indirectly by or to any entity having an express or

implied license to any Counterclaim Patent; to the extent Counterclaim-Plaintiffs' claims are barred by patent exhaustion; and/or to the extent Counterclaim-Plaintiffs seek double recovery for alleged infringement attributable to the same product, transaction, or act.

**ELEVENTH DEFENSE – PATENT MISUSE**

Counterclaim-Plaintiffs have engaged in patent misuse by attempting to leverage the Counterclaim Patents to improperly monopolize a field of long-known technology, by pursuing scattershot litigation against dealers and competitors in an effort to chill lawful competition, and by seeking to extend the scope of alleged patent rights beyond lawful bounds, including by asserting claims Counterclaim-Plaintiffs knew or should have known are invalid and not infringed. Any such misuse renders the Counterclaim Patents unenforceable unless and until the misuse is purged.

**TWELFTH DEFENSE – NO WILLFULNESS OR ENHANCED DAMAGES**

Answering Counterclaim-Defendants have not deliberately or intentionally infringed any Counterclaim Patent. Counterclaim-Plaintiffs cannot establish, on a patent-by-patent and time-period-specific basis, that Answering Counterclaim-Defendants knew of the applicable patent and deliberately engaged in conduct it knew or believed infringed a valid and enforceable claim. Atrius's filings and prosecution of good-faith declaratory-judgment claims do not constitute an admission of infringement or willfulness.

Separately, even if willful infringement were found, enhanced damages would not be warranted under 35 U.S.C. § 284. Considering the totality of the circumstances, Answering Counterclaim-Defendants did not engage in wanton, malicious, bad-faith, consciously wrongful, flagrant, or otherwise egregious misconduct. Atrius's contemporaneous investigation and substantial good-faith positions concerning noninfringement, invalidity, and unenforceability further weigh against discretionary enhancement.

**THIRTEENTH DEFENSE – NO IRREPARABLE HARM OR BASIS FOR INJUNCTION**

Counterclaim-Plaintiffs are not entitled to preliminary or permanent injunctive relief because they cannot show success on the merits, irreparable harm, inadequacy of legal remedies, that the balance of hardships favors an injunction, or that the public interest supports injunctive relief. Any alleged injury is fully compensable through monetary remedies, and the public interest favors competition and lawful aftermarket innovation.

**FOURTEENTH DEFENSE – INEQUITABLE CONDUCT**

To the extent supported by the particularized allegations in Atrius's patent-unenforceability claims, the certain asserted claims of the Counterclaim Patents are unenforceable due to inequitable conduct. Answering Counterclaim-Defendants incorporate by reference the particularized inequitable-conduct allegations set forth in Paragraphs 137–239 and 255–263 of Atrius's Second Amended Complaint (Dkt. 45) and in its Response in Opposition to Counterclaim-Plaintiffs' Motion for Preliminary Injunction (Dkt. 88).

**FIFTEENTH DEFENSE – NO CAUSATION OR DAMAGES CAUSED BY DEFENDANT**

No act or omission of Answering Counterclaim-Defendants was a substantial factor in bringing about any damage alleged by Counterclaim-Plaintiffs, nor was any act or omission of Answering Counterclaim-Defendants a contributing cause thereof. Counterclaim-Plaintiffs' claims are barred, in whole or in part, because any alleged damages were caused in whole or in part by the acts or omissions of Counterclaim-Plaintiffs or other third parties, and not by Answering Counterclaim-Defendants.

**SIXTEENTH DEFENSE – NO CONTRIBUTORY OR INDUCED PATENT INFRINGEMENT**

Counterclaim-Plaintiffs' claims for induced and contributory patent infringement are barred because Answering Counterclaim-Defendants have not knowingly induced any direct

infringement, have not possessed the specific intent required for inducement, have not sold or offered for sale any component specially made or specially adapted for use in an infringement of any valid and enforceable claim, and have not sold or offered for sale any component lacking substantial noninfringing uses. Counterclaim-Plaintiffs also cannot establish, for each Counterclaim Patent, an underlying act of direct infringement; Answering Counterclaim-Defendants' knowledge of that particular patent; Answering Counterclaim-Defendants' knowledge that the specifically induced acts constituted infringement; affirmative conduct specifically intended to cause infringement; or, for contributory infringement, a component satisfying every requirement of 35 U.S.C. § 271(c).

**SEVENTEENTH DEFENSE – FAILURE TO MITIGATE**

Counterclaim-Plaintiffs' claims for damages, injunctive relief, and other remedies are barred or limited because Counterclaim-Plaintiffs failed to take reasonable steps to mitigate any alleged damages or harm.

**EIGHTEENTH DEFENSE – PRECLUSION, ESTOPPEL, LAW OF THE CASE, AND EFFECT OF MANUFACTURER AND MDL DETERMINATIONS**

Counterclaim-Plaintiffs' claims are barred, limited, or otherwise subject to reduction in whole or in part by issue preclusion, claim preclusion, judicial estoppel, law of the case, the customer-suit and manufacturer-action doctrines, and/or other principles of comity, efficiency, and coordinated adjudication arising from prior, pending, or future determinations in related actions involving the same accused product lines, asserted patents, alleged injuries, and requested relief. Those related proceedings include, without limitation, actions filed by Counterclaim-Plaintiffs against manufacturers and dealers of other accused products (*e.g.*, "Super Safety," "Disruptor," "ARC-Fire"); Federal Circuit proceedings arising from those actions; and earlier-filed or coordinated actions pending before this Court in MDL No. 3176.

To the extent this Court, the Federal Circuit, any transferor court, or any transferee court has determined or later determines issues concerning claim construction, product operation, infringement, non-infringement, validity, invalidity, prior art, unenforceability, prosecution conduct, irreparable harm, adequacy of legal remedies, balance of hardships, public interest, willfulness, inducement, damages, entitlement to injunctive relief, or any other issue common to Counterclaim-Plaintiffs' claims against Counterclaim-Defendants, Counterclaim-Plaintiffs are precluded and/or estopped from relitigating those issues, taking contrary positions, or seeking duplicative, inconsistent, or broader relief against Counterclaim-Defendants. Counterclaim-Plaintiffs likewise are barred from reasserting arguments, claims, or requested relief that have been rejected, or that are inconsistent with positions taken or rulings entered, in actions filed by Counterclaim-Plaintiffs against manufacturers and dealers of other accused products, related Federal Circuit proceedings, or other earlier-filed or coordinated actions in MDL No. 3176. Answering Counterclaim-Defendants reserve all rights to invoke the preclusive, estoppel, law-of-the-case, persuasive, or case-management effect of any such ruling, order, judgment, finding, claim construction, factual determination, or appellate decision. Answering Counterclaim-Defendants further reserve the right to seek appropriate coordination, stays, or other case-management relief based on overlapping manufacturer and MDL proceedings.

## NINETEENTH DEFENSE – NO PRE-ISSUANCE DAMAGES OR PROVISIONAL RIGHTS

Counterclaim-Plaintiffs may not recover patent-infringement damages for any alleged act occurring before issuance of the applicable Counterclaim Patent. To the extent Counterclaim-Plaintiffs seek a reasonable royalty for pre-issuance activity under 35 U.S.C. § 154(d), such relief is barred because Counterclaim-Plaintiffs cannot establish each statutory prerequisite, including

actual notice to Answering Counterclaim-Defendants of the pertinent, published patent application and substantial identity between the claims of the published application and the issued patent.

**TWENTIETH DEFENSE – NO DIRECT INFRINGEMENT OF COMPLETED CLAIM COMBINATIONS BY RETAIL SALE OF STANDALONE COMPONENTS**

Answering Counterclaim-Defendants' sale or offer for sale of a standalone selector or component does not constitute direct infringement of any asserted claim requiring a complete firearm, trigger assembly, or other multi-component combination. Counterclaim-Plaintiffs must prove that Answering Counterclaim-Defendants themselves performed an act enumerated in 35 U.S.C. § 271(a) with respect to a product containing every limitation of the asserted claim. A customer's independent assembly or use is not Answering Counterclaim-Defendants' direct infringement unless Counterclaim-Plaintiffs establish a legally sufficient basis for attribution. This defense does not concede indirect infringement, which Answering Counterclaim-Defendants separately deny.

**TWENTY-FIRST DEFENSE – APPORTIONMENT; LOST PROFITS; PLAINTIFF-SPECIFIC DAMAGES**

Any reasonable-royalty or lost-profits award must be apportioned to the incremental value of the claimed invention, excluding the value of unpatented components, conventional firearm functionality, trademarks, marketing, goodwill, and other nonpatented features. Counterclaim-Plaintiffs may not invoke the entire-market-value rule, recover duplicative damages through multiple plaintiffs or overlapping patents, or recover convoyed-sales damages without satisfying the applicable legal and evidentiary requirements. Any claim for lost profits further requires proof, by the particular plaintiff claiming the loss of demand for the patented product, absence of acceptable noninfringing alternatives, manufacturing and marketing capacity, causation, and the amount of profit that the particular Counterclaim-Plaintiff would have earned.

**TWENTY-SECOND DEFENSE – OWNERSHIP, EXCLUSIONARY RIGHTS, AND ENTITLEMENT TO RELIEF**

For each Counterclaim Patent and each relevant period, Counterclaim-Plaintiffs bear the burden to establish an enforceable chain of title, ABC's ownership, the nature and scope of any rights granted to Rare Breed, and the particular plaintiffs' entitlement to the category of damages or equitable relief sought. No plaintiff may recover another entity's alleged loss, damages arising outside the period in which that plaintiff held the required rights, or a duplicative recovery for the same accused act, product, or sale.

**RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES**

Answering Counterclaim-Defendants have not knowingly or intentionally waived any applicable defenses and reserve the right to assert and rely upon other applicable defenses that may become available or apparent throughout the course of this action. Answering Counterclaim-Defendants reserve the right to amend, or seek leave to amend, their answer, including its affirmative and other defenses.

Dated: October 12, 2026

Respectfully submitted,

*/s/ Brandon Merrill*

Robert Manley
Texas Bar No. 787955
Edward K. Chin
Texas State Bar No. 50511688
Alex Chern
Texas Bar No. 24109718
Brandon Merrill
Texas Bar No. 24144769
RManley@McKoolSmith.com
EChin@McKoolSmith.com
AChern@McKoolSmith.com
BMerrill@McKoolSmith.com
**McKool Smith, P.C.**
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Ryan B. McBeth
Texas Bar No. 24078955
rmcbeth@McKoolSmith.com
Elliott Clay
Texas Bar No. 24148889
eclay@McKoolSmith.com
**McKool Smith P.C.**
600 Travis Street, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300

Adam V. Floyd
Texas Bar No. 00790699
AFloyd@FloydIP.com
**Floyd IP**
3203 Bluffs Lane
Parker, Texas 75002
Tel: (512) 497-7500

**Counsel for Counterclaim-Defendant Atrius Development Group Corporation, Inc.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 12, 2026, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Brandon Merrill*
Brandon Merrill